[No. 9216. In Bank. — September 22, 1886.]

## JENNIE M. SHERMAN ET AL., RESPONDENTS, *v.* JOHN W. FINCH, APPELLANT.

CONVERSION — PROPERTY COVERED BY CHATTEL MORTGAGE — MEASURE OF DAMAGES — INSTRUCTIONS. — The action was brought against a sheriff to recover damages for the conversion of certain personal property, of part of which the plaintiffs were the owners, and on the remainder of which they held a chattel mortgage. On the trial, the court instructed the jury that if they found that the plaintiffs were the owners or entitled to the possession of the property as pledgees, and that the defendant wrongfully converted it, the detriment caused thereby was presumed to be the value of the property at the time of the conversion, with interest from that time, and a fair compensation for the time and money properly expended in pursuit of the property. It further instructed them that if they found that the defendant levied upon, sold, and converted that portion of the property upon which the plaintiffs held a chattel mortgage, and that he neither paid nor tendered to the plaintiffs the amount of the mortgage debt with interest, nor deposited the amount thereof with the county clerk to their order, then as to that particular property, the plaintiffs were entitled to a verdict for the amount of the mortgage debt with interest. *Held*, that the instructions were proper.

ID. — PURSUIT OF PROPERTY — TIME AND MONEY SPENT IN — COMPENSATION FOR. — In such an action, to entitle the plaintiff to compensation for time and money spent in pursuit of the property, the evidence must show that money was properly spent, and time lost in the pursuit, and the amount thereof. When that is done, it is for the court or the jury, as the case may be, to allow a fair compensation therefor.

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Cope & Boyd, Horace L. Smith,* and *S. M. Buck,* for Appellant.

*E. W. Wilson,* and *J. H. G. Weaver,* for Respondents.

ROSS, J.—This action was brought for the alleged conversion of certain personal property. Upon a part of the property plaintiffs held a chattel mortgage, and for the other part a bill of sale from one Gibson, who

was the original owner. Gibson was in debt to one Schoonover, upon which indebtedness he was sued, a judgment given against him, and on which judgment an execution was issued and placed in the hands of the defendant officer. The officer levied upon and sold all of the said property, under and by virtue of the execution, as and for the property of Gibson, and sought to justify his proceedings upon the trial. The case was tried with a jury, and the verdict was against him. It is claimed to have been contrary to the evidence in the case, and errors of law are also claimed to have been committed during the progress of the trial. Among them is an alleged error in the instructions of the court in respect to the measure of damages. At the request of the plaintiffs, the court instructed the jury that if they should find from the evidence that the plaintiffs were the owners of or entitled to the possession of the property as pledgees, and that the defendant wrongfully converted it, the detriment caused by such wrongful conversion was presumed to be: 1. The value of the property at the time of the conversion, with interest from that time; and 2. A fair compensation for the time and money properly expended in pursuit of the property.

Defendant, who is the appellant, does not complain of this instruction, but concedes that it was proper and in pursuance of section 3336 of the Civil Code, which reads:—

"The detriment caused by the wrongful conversion of personal property is presumed to be: 1. The value of the property at the time of the conversion, with the interest from that time, or where the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, with interest at the option of the injured party; and 2. A fair compensation for the time and money properly expended in pursuit of the property."

But the court below further instructed the jury that if they should find that the defendant levied upon, sold, and converted that portion of the property upon which the plaintiffs held a chattel mortgage, "and that the said defendant neither paid nor tendered to said plaintiff the amount of the mortgage debt and interest, nor deposited the amount thereof with the county clerk or treasurer, payable to her order, then it will be your duty, as to that particular property, to render a verdict for the plaintiff in the amount of the mortgage debt and interest, to wit, the sum of $250, with interest from the 25th of September, 1882, at the rate of eight per cent per annum." And again: "The plaintiffs have introduced in evidence a chattel mortgage; if you find that said mortgage was duly executed, delivered, and recorded, then I charge you that it devolves upon the defendant, the party attacking the instrument, to satisfy you that said mortgage was fraudulent, and that the plaintiff Jennie M. Sherman was a party to the fraud, and that if the defendant fails to do this, you will find a verdict for the plaintiffs in reference to the property mortgaged for the amount of the mortgage debt, principal and interest." It is contended on behalf of the appellant that the instructions last quoted are in themselves erroneous, and are also in conflict with that first given.

As to that part of the property covered by the chattel mortgage, the instructions were based upon sections 2968, 2969, and 3338 of the Civil Code, which reads as follows:—

"Section 2968. Personal property mortgaged may be taken under attachment or execution issued at the suit of a creditor of the mortgagor.

"Section 2969. Before the property is so taken, the officer must pay or tender to the mortgagee the amount of the mortgage debt and interest, or must deposit the

amount thereof with the county clerk or treasurer, payable to the order of the mortgagee.

"Section 3338. One having a mere lien on personal property cannot recover greater damages for its conversion from one having a right thereto superior to his after his lien is discharged than the amount secured by the lien, and the compensation allowed by section 3336 for loss of time and expenses."

With respect to the property mortgaged, the instructions did not permit any compensation to the plaintiffs for loss of time and expenses, but confined the damage occasioned by the conversion of that property, if conversion should be found, to the amount secured by the lien. If the plaintiffs should also have been 'allowed compensation for the time and money properly expended in pursuit of that property, the error, if any, was favorable to the appellant, who cannot therefore be heard to complain. In other respects, the instructions in regard to the mortgaged property were in conformity to the provisions of the code cited and with the ruling of this court in the case of *Wood* v. *Franks*, 56 Cal. 217.

The first instruction given at plaintiff's request to the effect that the damage caused by the wrongful conversion of the property in the event it was found to have been wrongfully converted was presumed to be, first, the value of the property at the time of the conversion, with interest from that time, and second, a fair compensation for the time and money properly expended in pursuit thereof, only applied—and in view of the instructions in respect to the mortgaged property could only have been understood by the jury to apply—to that portion of the property not embraced in the chattel mortgage.

But the evidence the court permitted the plaintiffs to give for the purpose of entitling them to compensation for time and money expended in pursuit of the property was not proper, and defendant's motion to strike the same out should have been granted. It was altogether

too indefinite and uncertain. To entitle a party to such compensation the testimony should tend to show that money was properly paid out and time properly lost in pursuit of the property, and how much. And when that is done, it is for the court or the jury, as the case may be, to allow a fair compensation therefor. In the present case it is impossible to say to what extent the verdict was affected by the testimony erroneously admitted.

Judgment and order reversed, and cause remanded for a new trial.

THORNTON, J., McKINSTRY, J., MYRICK, J., SHARPSTEIN, J., McKEE, J., and MORRISON, C. J., concurred.