[No. 19202. Department Two.—February 8, 1894.]

## ST. LOUIS NATIONAL BANK, APPELLANT, *v.* JOHN H. GAY, JR., RESPONDENT.

ASSIGNMENT OF NON-NEGOTIABLE PAPER—SUBJECTION TO EQUITIES—NOTICE OF ASSIGNMENT—SETOFF.—The maker of non-negotiable notes which have been assigned by the payee to a third party may set off against them the note of the payee which he has purchased before notice of the assignment of the notes executed by him.

ID.—CONSTRUCTION OF CODE.—Section 1459 of the Civil Code, which makes an assignment of non-negotiable paper subject to all equities and defenses existing in favor of the maker at the time of the indorsement, is not restrictive, and must be construed in connection with section 368 of the Code of Civil Procedure, which declares that "the action by the assignee is without prejudice to any setoff or other defense existing at the time of or before notice of the assignment." These two sections are not contradictory, and the rule of construction, that the expression of one thing is the exclusion of another, does not apply to the former section when considered in connection with the latter, which became law at the same moment.

ID.—SETOFF—INDEPENDENT CONTRACT—RECOUPMENT—COUNTERCLAIM.—"Setoff" differs from "recoupment" in that it is more properly applicable to demands independent in their nature and origin, while recoupment implies a cutting down of a demand by deductions arising out of the same transaction; and "counterclaim" as used in the code includes both recoupment and setoff.

ID.—MATURITY OF SETOFF AFTER NOTICE OF ASSIGNMENT.—A note may be claimed as a setoff though not due at the time the defendant received notice of the assignment of his notes to the plaintiff, if it became mature before the commencement of the action by the plaintiff.

ID.—RIGHTS OF DEBTOR—COUNTERCLAIM.—A debtor may fortify himself against the coming suit of his creditor by the purchase of any cross demands, which may be counterclaimed when that suit shall come, and between them an assignee has no standing until he shall have given notice of the assignment.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion of the court.

*Burnett & Gibbon*, for Appellant.

Only such defenses as existed in favor of the defendant at the time of the transfer are available against the suit of the assignee of non-negotiable paper. (Story on Bills, 189, 218, 220; *Robinson* v. *Lyman*, 10 Conn. 30;

25 Am. Dec. 52; Civ. Code, sec. 1459.)   Even in the
case of an ordinary chose in action the defense as
against an assignee must be an existing cause of action
due and payable at the time of the transfer or at least
of the notice of the transfer.   (Pomeroy's Remedies and
Remedial Rights, secs. 163, 166; Story's Equity Juris-
prudence, sec. 1434; *Beckwith* v. *Union Bank,* 9 N. Y.
211; *Myers* v. *Davis,* 22 N. Y. 493; *Martin* v. *Kunzmul-
ler,* 37 N. Y. 396; *Walker* v. *McKay,* 2 Met. 294; *Martine*
v. *Willis,* 2 E. D. Smith, 524; *Fuller* v. *Steiglitz,* 27 Ohio
St. 355; Burrill on Assignments, sec. 43; *Chipman* v.
*Bank,* 120 Pa. St. 86; 22 Am. & Eng. Ency. of Law, p.
302; *McAlpin* v. *Wingard,* 2 Rich. (S. C.) 547; *Chambliss*
v. *Matthews,* 57 Miss. 306.)

*Conklin & Hughes,* for Respondent.

The defendant had a right to set off or counterclaim
the amount of the note purchased by him.   (See *Wood*
v. *Brush,* 72 Cal. 226; *Adams* v. *Seaman,* 82 Cal. 637, 638.)
The contention of appellant that the defense as against
an assignee must be an existing cause of action due and
payable at the time of the transfer, or at least of the
notice of the transfer, is untenable.   (*Northampton Bank*
v. *Balliet,* 8 Watts & S. 311; 42 Am. Dec. 297; see
Pomeroy's Remedies and Remedial Rights, secs. 154–65;
*Stewart* v. *Anderson,* 6 Cranch, 204.)

McFarland, J.—On February 4, 1891, defendant, Gay,
made and delivered to D. D. Dare two non-negotiable
notes, each for two thousand five hundred dollars and
interest, and each payable one year after date.   On Feb-
ruary 24, 1891, Dare assigned these notes to the plaintiff.
On February 12, 1891, Dare made and delivered to J.
M. Collins his negotiable promissory note for five thou-
sand dollars and interest, payable one year after date;
and on October 21, 1891, said note to Collins was pur-
chased by and regularly assigned to defendant.   At the
time of this purchase defendant had no notice that his
note to Dare had been assigned to plaintiff; but several

months afterwards, on February 1, 1892, he was noti-
fied of such assignment; and at the time of such notice
the note from Dare to Collins was not quite due, the
date of its maturity being February 12, 1892. The two
notes sued on matured February 4, 1892. The present
action was commenced August 1, 1892, several months
after all the notes had matured. The defendant pleaded
as a counterclaim the said note from Dare to Collins,
and the court allowed it and deducted its amount from
the judgment in favor of plaintiff. The plaintiff appeals
from the judgment upon the judgment-roll; and con-
tends that the court erred in recognizing said Collins'
note as a legal setoff.

The first contention of appellant is that the setoff was
not available, because it was not acquired until after the
said assignment from Dare to appellant, notwithstand-
ing the fact that it was acquired before *notice* of such as-
signment. This contention is based on section 1459 of
the Civil Code, which provides that the assignee of a
non-negotiable written contract for money or personal
property takes it "subject to all the equities and de-
fenses existing in favor of the maker at the time of the
indorsement." But section 368 of the Code of Civil
Procedure provides as follows: "In the case of an as-
signment of a thing in action, the action by the assignee
is without prejudice to any setoff or other defense exist-
ing at the time of or before *notice* of the assignment;
but this section does not apply to a negotiable promis-
sory note or bill of exchange transferred in good faith,
and upon good consideration before maturity." These
two sections must be construed as though they "had
been passed at the same moment of time, and were parts
of the same statute." (Pol. Code, sec. 4480.) Section
1459, is not restrictive; and the maxim *expressio unius*,
etc., does not apply to it when considered in connection
with said section 368, which became law at the same
moment. The two sections are not contradictory; and
therefore the rules of construction which aid in cases of
contradictory provisions need not be invoked. The one

section is merely an enlargement of or addition to the other; and the law as declared by the two sections is that a defendant may avail himself of a setoff acquired before notice of assignment, provided the setoff be in other respects good.   It was so held in *McCabe* v. *Grey*, 20 Cal. 510, and has been assumed to be the law ever since. Appellant refers to the fact that in Pomeroy on Remedies and Remedial Rights, section 166, *McCabe* v. *Grey*, 20 Cal. 510, is hostilely criticised; but in this instance, at least, the opinion of the text-writer has not overruled the decision of the court.   We see nothing in the contention that one of the sections should be construed as referring to choses in action different from those embraced in the other.   Section 368 embraces every kind of things in action except negotiable paper, which paper alone is excepted from its operation.

Appellant seems to contend that there can be a valid setoff to a non-negotiable note only when the matter of setoff arises out of the note itself, as want of consideration, etc., and that it cannot arise out of another distinct, independent contract.   But this is not the meaning of "setoff," as used in section 368; although such meaning might be not inaptly given to what was once commonly called "recoupment."   The meaning of setoff is correctly stated in Abbott's Law Dictionary, with authorities cited, as follows: "Setoff differs from recoupment in that it is more properly applicable to demands independent in their nature and origin; while recoupment implies a cutting down of a demand by deductions arising out of the same transactions."   "Counterclaim," as used in our code, includes both recoupment and setoff, and is, strictly speaking, a pleading by which matters arising out of recoupment or setoff are averred.   It may be used by defendant to plead as against the plaintiff: "1. A cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the cause of action; 2. In an action arising upon contract, any other cause of action arising also upon contract, and existing at the

commencement of the action." (Code Civ. Proc., sec. 438.)

The only point of any difficulty in the case at bar is raised by appellant's contention that respondent cannot use the note from Dare to Collins as an offset, because it was not due at the time he received notice of the assignment from Dare to appellant—although full title to it had been acquired before such notice. His position is that a setoff is not available against an assignee unless it be due, payable, and suable at the time of notice of assignment. There are New York authorities to this effect; but the statute law of New York upon the subject is essentially different from that of California. The New York cases go upon the theory that the statute there provided that the counterclaim must be such as might have been setoff *while the contract belonged to the assignor.* (*Myers* v. *Davis,* 22 N. Y. 491; *Martin* v. *Kunzmuller,* 37 N. Y. 396; *Fuller* v. *Steiglitz,* 27 Ohio St. 355.) But there is no such statute in this state. By section 438 of the Code of Civil Procedure in an action on contract the defendant may set up any cause of action arising upon contract, and " existing *at the commencement of the action.*" If Dare had kept his note and sued on it in August, 1892, respondent could unquestionably have set off the Collins note; and it seems a clear proposition of law, under the sections of our code above stated, that in an action by the assignee of a chose in action not negotiable, the defendant may successfully plead any setoff which he could have so pleaded against the assignor if he had retained and brought suit on it, provided he acquired it before notice of assignment, and provided further that it was " existing at the commencement of the action." It is contended that at the time of the notice of assignment the Collins note was not an " existing" setoff because it was not then quite due, and therefore not presently suable. But the thing itself—the note, the chose in action—was then existing; and it was pleadable by counterclaim when this action was commenced.

The point under review has not been definitely determined in this state; and it may be determined *res integra.* There has been a diversity of decisions on the subject in other states; and, as was said by the supreme court of Ohio, in *Fuller* v. *Steiglitz,* 27 Ohio St. 355, "the phraseology of different statutes gives rise to this diversity in the cases." Under our statutory provisions we think that the correct rule is that stated in *Northhampton Bank* v. *Balliet,* 8 Watts & S. 311; 42 Am. Dec. 297. In that case suit was brought upon a bond given by defendant to the bank, and assigned to one Swader; and defendant set up certain obligations of the bank which he had acquired before notice of the assignment—some of such obligations, it seems, not being due at the time of such notice. The court say: "The court was right in admitting the evidence, because, although the liability of the bank was not complete when the defendant had notice of the assignment, yet the transaction out of which the defense arises commenced before he was informed of the transfer of the bond." And, again, the court say: "The time the contract begins between the assignee and the obligor is when the latter has notice of the assignment. It is the duty of the obligee or assignee to inform the obligor that he has parted with the bond, and if this is omitted they are in default, and not the obligor, who, until he is informed otherwise, has a right to suppose that the bond is still the property of the obligee, *and to act and contract with the obligee, or others, under that reasonable supposition.*" This rule seems to us to be just and right. A debtor may fortify himself against the coming suit of his creditor by the purchase of any cross-demands which may be counterclaimed when that suit shall come; and between them an assignee has no standing until he shall have given notice of the assignment. When a stranger voluntarily interferes with relations between third parties, and takes an assignment of an obligation from one of the latter to the other, he is in no position to beg for equitable consideration, and has only such right in the premises as the

statute gives him; and under the statute he stands in the shoes of his assignor until he gives notice of the assignment; but such notice in no way destroys or impairs any right which the debtor had acquired against the creditor prior to such notice. The relative times at which the notes in the case at bar matured is of no consequence, since they were due at the commencement of the action; for, under the rule invoked by appellant, a debtor could not use a note falling due before his own obligation, if before its maturity he received notice of assignment. Moreover, under such rule, if A should give B his non-negotiable note for a certain sum of money due in six months, and B should afterwards employ A to render certain services, to be paid for at the maturity of said note, the latter could not safely rely upon the value of the services as a setoff to the note; because, after the services had been rendered, the setoff could be defeated by an assignment of the note and notice of the assignment before compensation for the services was *in presenti* due and payable.

The judgment is affirmed.

FITZGERALD, J., and DE HAVEN, J., concurred.

Hearing in Bank denied.