### RANDOL v. ROWE.

### S. F. No. 33; May 19, 1896.

#### 44 Pac. 1068.

Setoff.—An Equitable Estoppel to Plead a Setoff of a note in an action on an account against defendant, which had been assigned to plaintiff by the maker of the note, did not arise out of the assignor's direction to defendant, after the assignment, to pay the amount of the account to plaintiff, and defendant's silence as to his possession of said note, it not appearing that plaintiff had knowledge of such request.

APPEAL from Superior Court, Santa Clara County; W. G. Lorigan, Judge.

Action by J. B. Randol against William Rowe on an account. From the judgment rendered plaintiff appeals. Affirmed.

J. H. Campbell for appellant; C. L. Witter and D. W. Burchard for respondent.

BELCHER, C.—The facts of this case, briefly stated, are as follows: In July, 1893, one Z. H. Martin sold and delivered to the defendant a certain quantity of hay, for which the agreed purchase price was $541.17. On or about July 15, 1893, defendant paid Martin, for and on account of the hay, the sum of $194.37, leaving a balance still due therefor of $346.80. On August 2, 1893, Martin assigned and transferred

his said claim to the plaintiff, who has ever since been the owner and holder thereof. On February 25, 1893, Martin executed and delivered to one Hornberger his negotiable promissory note for $675, payable thirty days after date, with interest; and thereafter, on July 25, 1893, Hornberger indorsed and transferred the said note to the defendant, who has ever since been the owner and holder thereof. Before the said transfer there was paid on the note the sum of $75, and the balance of principal and interest remains due and unpaid. On July 14, 1894, the plaintiff commenced this action to recover the sum of $346.80, with interest, alleged to be due on his said assigned claim, and the defendant pleaded as a counterclaim thereto the said note assigned to him. The court below allowed the counterclaim, and gave judgment that the plaintiff take nothing by his action, and that defendant recover his costs. The plaintiff appeals from the judgment, upon the judgment-roll, and contends that the court erred in allowing the counterclaim.

Substantially the same question as that involved in this case arose, and was quite elaborately discussed, in Bank v. Gay, 101 Cal. 286, 35 Pac. 876, and the decision was adverse to the contention of appellant here. That decision we consider decisive of this case, and a further discussion of the question is therefore unnecessary.

The point is made that "the defendant is estopped by his tortious silence from asserting the alleged counterclaim." This point is rested upon a finding of the court which is as follows: "That after the said assignment by Z. H. Martin to the plaintiff, and about the fourth day of August, 1894, said Z. H. Martin told the defendant thereof, and requested him to pay said assigned claim to plaintiff, and the defendant made no objection or response thereto, and neither then or theretofore, nor at any time until afterward, gave notice or made any mention to plaintiff or said Z. H. Martin of the assignment of said note to him." The year, as above written, should probably be 1893, and not 1894; but, whether so or not, we see no ground in the facts found for invoking the doctrine of estoppel. The well-settled rule is that, to create an equitable estoppel, the person sought to be estopped must do some act or make some admission to influence the conduct of another, which act or admission is inconsistent with the claim he proposes now to make, and the other party must

have acted on the strength of such act or admission. At the time named, Martin had no interest in the transaction, and it does not appear that the plaintiff ever knew of the interview referred to, and certainly it cannot be said that his conduct was ever influenced thereby. The judgment should be affirmed.

We concur: Britt, C.; Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.