[L. A. No. 3327.    Department Two.—August 10, 1914.]

## PROVIDENT GOLD MINING COMPANY (a Corporation), Respondent, v. MANHATTAN SECURITIES COMPANY (a Corporation), Appellant.

SALE—OFFER TO PURCHASE CORPORATE STOCK—ACCEPTANCE OF OFFER— COMPLETION OF CONTRACT—OPTION TO PURCHASE.—An offer · to a corporation to purchase, at a fixed price, specified blocks of its capital stock, to be delivered "in amounts as called for and as paid for," subject to the understanding, in the event of the acceptance of the offer, that no sales of the stock were to be made by the corporation to other parties, and, unless special arrangements were made, that the maximum demands that might be made on the buyer for the purchase price during stated periods were limited to specified amounts, is neither ambiguous nor uncertain, and the acceptance of the offer created a contract of purchase and sale, and not a mere option to purchase the stock.

ID.—EVIDENCE—SURROUNDING CIRCUMSTANCES.—In an action by the seller to recover the purchase price due under such contract, the admission of evidence touching the circumstances surrounding the execution of the contract, which tended to confirm its proper legal construction, is without injury.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

Thomas C. Job, and Joseph E. Hannon, for Appellant.

Robert Young, for Respondent.

HENSHAW, J.—Plaintiff brought this action to recover the sum of $88,791.94, alleged to be due it as the purchase price of certain shares of the capital stock of plaintiff subscribed for by the defendant. Judgment was given for plaintiff and from that judgment and from the order denying its motion for a new trial defendant appeals.

The appellant states that the whole controversy centers on the interpretation of the subscription contract. The contract was in the form of a communication by defendant to plaintiff. This communication declared that defendant had given

full consideration to the mining operations which plaintiff was conducting, and believed that it would be for the best interest of plaintiff if it expended from seventy-five thousand dollars to one hundred thousand dollars in the development of the mine; that by so doing the mine would be opened up and its possibilities become certainties.   The communication then proceeds in the following language:

"We beg to make you the following offers for blocks of the capital stock of your company; stocks to be delivered to us in amounts as called for and as paid for:

| 100,000 shares at 25 | cents net to your Company. |
| 100,000 " " 37½ | " " " " " |
| 100,000 " " 50 | " " " " " |
| 50,000 " " 62½ | " " " " " |

"It is to be understood between us, if our offer is accepted, that no sales of stock are to be made by your company except to us and that, unless special arrangements are made, for the first sixty days after operations on the property are commenced, no demands are to be made upon us for amounts exceeding $5000 per month, that for the next ninety days no demands are to be made upon us for amounts exceeding $7500 per month, and from that time forward no demands exceeding $10,000 per month are to be made upon us.

"If this offer is satisfactory to you, we ask that you instruct the proper officers of your company to accept the same by signing the sheet in the space provided below."

This offer of defendant was accepted in writing by plaintiff. Certain payments were made by defendant as provided in the contract, and upon its failure and refusal to make later payments this action was brought. Appellant's contention is that the offer, with its acceptance, amounted to but an option to purchase the stock given by plaintiff to defendant, with the right to defendant to proceed with the purchase of the stock or to decline to proceed, at its pleasure. The trial court, entertaining the view that the language of the contract was somewhat ambiguous and uncertain, admitted evidence touching the circumstances surrounding and attending the contract when it was made. (Civ. Code, sec. 1647, and Code Civ. Proc., sec. 1860.) Appellant complains that the introduction of this evidence was error because the contract is in no respect uncertain or ambiguous so as to justify the intro-

duction of these explanatory matters, insisting, as has been said, that the contract was a mere option. We agree with appellant's first proposition, that the contract is not ambiguous or uncertain, but we disagree with its second contention. The contract was clearly a contract of purchase and sale, as the court found it to be. The admitted evidence, the nature of which it is unnecessary to discuss, is strongly confirmatory of this construction. Since the court set the right interpretation upon the contract, the introduction of this evidence was not injurious. The same result would have been reached necessarily without that evidence.

The judgment and order appealed from are therefore affirmed.

Melvin, J., and Lorigan, J., concurred.