[L. A. No. 3762.    Department One.—July 11, 1916.]

PROVIDENT GOLD MINING COMPANY (a Corporation), Respondent, v. LLOYD C. HAYNES et al., Appellants.

CORPORATION—DOING BUSINESS IN CALIFORNIA—LIABILITY OF STOCK-HOLDER OF FOREIGN CORPORATION.—Where a corporation is formed in a foreign state, for the purpose of doing business in California, the stockholders are, so far as concerns business transacted in California, to be held liable in accordance with the California statutes.

ID.—ARTICLES OF INCORPORATION OF FOREIGN CORPORATION — POWER GRANTED TO DIRECTORS TO TRANSACT BUSINESS ANYWHERE—CONSENT OF STOCKHOLDER.—It is not essential to the existence of such stockholder's liability that the articles of incorporation should contain language showing the specific purpose of transacting business in the state of California. If the articles authorize the transaction of business in any state or country which the directors may select, a stockholder empowers the directors to engage in business anywhere, and impliedly consents that when they select a place for the transaction of corporate business, they shall have power to bind him so far as the laws of that place may require.

ID.—PLEADING—EVASIVE DENIAL OF AMOUNT OF SUBSCRIBED STOCK.—Where a complaint to enforce a stockholder's liability for a corporate liability avers that at the time the liability was incurred the total subscribed stock of the corporation was a specified number of shares, no issue is raised by a mere denial in the answer that at that time the total amount of stock thus subscribed for was the specified number of shares. Such a denial is evasive, and the allegation stands admitted.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

Thomas C. Job, and Joseph E. Hannon, for Appellants.

Robert Young, for Respondent.

SLOSS, J.—This is an action to enforce the liability of the defendants as stockholders of Manhattan Securities Company, an Arizona corporation. The liability asserted arose out of the alleged failure of Manhattan Securities Company to com-

ply with a contract, whereby it had agreed to purchase certain shares of the capital stock of the plaintiff.

The court entered judgment against the respective defendants, each of whom appeals from said judgment and from an order denying a new trial.

The appellants claim that the agreement between the two corporations, Provident Gold Mining Company and Manhattan Securities Company, did not bind the latter to purchase any shares of stock, but merely vested in it an option to make such purchase. But, since the taking of the present appeals, this court has had occasion, in another case, to construe the same agreement, and has held that it was a binding contract of purchase and sale. (*Provident Gold Min. Co.* v. *Manhattan Securities Co.*, 168 Cal. 304, [142 Pac. 884].)

The main question for decision is whether the defendants are liable, in accordance with the law of California, for a proportion of this obligation of the Securities company, a corporation organized in Arizona. Under the law of this state, as declared in our constitution and statutes, every stockholder of a corporation is individually liable for such proportion of its debts and liabilities contracted or incurred during the time he was a stockholder as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock or the shares of the corporation. (Const., art. XII, sec. 3; Civ. Code, sec. 322.) Our constitution further provides that no corporation organized without the state shall be allowed to transact business within the state on more favorable conditions than are prescribed by law to similar corporations organized under the laws of this state. (Const., art. XII, sec. 15.) Section 322 of the Civil Code declares specifically that the liability of each stockholder of a corporation formed outside of this state and doing business within this state is the same as the liability of a stockholder of a California corporation.

The law of Arizona, under which Manhattan Securities Company was organized, gives to corporations the power, among other things, "to exempt the private property of the members from liability for corporate debts." The articles of incorporation must, under the Arizona statutes, state "whether private property is to be exempt from corporate debts." The articles of incorporation of Manhattan Securities Company contain this provision: "The private property

of every stockholder in this corporation shall be forever exempt from liability for the corporate debts of the corporation.''

Said articles declare, further, that the principal place of business of the corporation is to be at Phoenix, Arizona, and that ''branch offices may be established and the corporation may carry on business in such other places within the territory of Arizona or in any other state or territory as the board of directors may from time to time deem necessary and expedient.'' The purposes for which the corporation was formed, as declared in the articles, were very broad, and included the purchase, the leasing or other acquisition of mines, mining rights and land, and any interest therein, in any state or territory of the United States and in any foreign country.

As indicated by its name, the plaintiff was engaged in the business of mining. The purchase of its stock was within the corporate purposes of Manhattan Securities Company. The contract which gave rise to the liability here sued upon was made in this state. The court found, and the finding is not attacked, that prior to and at the time of the making of such contract, the Manhattan Securities Company was transacting business in this state and had a place of business and office in the city of Los Angeles.

As a general rule, ''the liability of a stockholder is determined by the charter of the corporation and the laws of the state in which the incorporation is had.'' (*Pinney* v. *Nelson,* 183 U. S. 144, 146, [46 L. Ed. 125, 22 Sup. Ct. Rep. 52].) It has, however, been held in a series of cases that where a corporation is formed in some state or country other than California, for the purpose of doing business in this state, the stockholders are, so far as concerns business transacted in California, to be held liable in accordance with the California statutes. (*Pinney* v. *Nelson,* 183 U. S. 144, [46 L. Ed. 125, 22 Sup. Ct. Rep. 52] ; *Peck* v. *Noee,* 154 Cal. 351, [97 Pac. 865] ; *Thomas* v. *Wentworth Hotel Co.,* 158 Cal. 275, [139 Am. St. Rep. 120, 110 Pac. 942] ; *Thomas* v. *Mathiessen,* 232 U. S. 221, [58 L. Ed. 577, 34 Sup. Ct. Rep. 312].) The first in this line of cases was *Pinney* v. *Nelson,* and the ground of that decision, as of those following it, is that the stockholders, in forming a corporation for the purpose of doing business in a particular state (e. g., California), must be deemed to have contracted with reference

to the laws of that state, and will, so far as concerns business transacted therein, be held to the liabilities which those laws impose upon the transaction of such business. In *Pinney* v. *Nelson*, the corporation in question was organized in the state of Colorado under articles which declared that the principal plant and operations of the company beyond.the limits of the state of Colorado should be in Los Angeles County, state of California. In *Peck* v. *Noee*, the corporation had been organized in Nevada, and the articles of incorporation declared (as this court construed the findings) that it was the purpose of the corporation to do business in California. In *Thomas* v. *Wentworth Hotel Co.*, the corporation had been formed in Arizona, and the articles declared that the principal place of business outside of Arizona should be in the city of Los Angeles or the city of Pasadena, in the state of California. The case of *Thomas* v. *Mathiessen* had to do with the liability of stockholders in the same corporation which was involved in *Thomas* v. *Wentworth Hotel Co.*, and in the Mathiessen case the liability was enforced outside of this state against a stockholder residing in the state of New York.

In each of these cases, the articles of incorporation contained language showing the purpose of transacting business in the state of California. In the case now before us there is no such specific reference, the articles declaring merely that the corporation shall have authority to transact business in such places in Arizona or in "any other state or territory as the board of directors may deem necessary or expedient." We think, however, that this distinction does not, in principle, justify the application of any different rule. The liability of a stockholder, according to the laws of the jurisdiction in which business is transacted, rests upon his consent to be bound by such laws. His consent is inferred from the fact that he has, by his act of becoming a stockholder, authorized the governing officers of the corporation to transact business in such state. Where he becomes a stockholder in a corporation whose articles authorize it to do business in any state or country which its directors may select, he empowers the directors to engage in business anywhere, and impliedly consents that when they select a place for the transaction of corporate business, they shall have power to bind him so far as the laws of that place may require. The test of liability is

whether the stockholder has authorized the corporation and its managing officers to bind him by entering upon the transaction of business in a given state. Such authority is conferred as well by general language authorizing the transaction of business in any state which the directors may deem it expedient to enter as by words empowering them to transact business in a specific place. Any other holding would make it easy for corporators, designing to conduct the corporate business in California, to escape the liabilities imposed by our law through the simple expedient of using, in their articles, general instead of specific words in defining the purposes of the corporation, and the places of intended operation.

One other point is made. The liability of the stockholder is measured by the proportion which his stock bears to the total subscribed stock of the corporation. The amount of such total subscribed stock must therefore be shown. The complaint alleges that at the time the liability was incurred the total subscribed stock of Manhattan Securities Company was 19,159 shares. A finding in accordance with this allegation is attacked as unsupported by the evidence. The answers of appellants did not, however, raise an issue on the point. Each of the answers undertook to deny ''that at the time of entering into said alleged contract the total amount of stock of said Manhattan Securities Company then subscribed for was 19,159 shares.'' Without regard to other objections to the pleadings, these answers are evasive. They deny, merely, that the amount of stock subscribed was the specified number of shares alleged in the complaint. The number may, consistently with the truth of the denial, have been 19,160 shares or any number other than 19,159. Such a denial is not a good traverse, and the allegation of the complaint stands admitted. (*Towdy* v. *Ellis*, 22 Cal. 650, 659; *Doll* v. *Good*, 38 Cal. 287; *Marsters* v. *Lash*, 61 Cal. 622; *Westbay* v. *Gray*, 116 Cal. 660, [48 Pac. 800].)

The judgment and the order appealed from are affirmed.

Shaw, J., and Lawlor, J., concurred.