[Civ. No. 7407. Second Appellate District, Division One.—September 8, 1932.]

R. D. BAILEY, Respondent, v. WAGNER-THORESON COMPANY (a Corporation) et al., Appellants.

Lewis & Lehman for Appellants.

O'Connor & Findlay, Derthick, Cusack & Ganahl and W. J. Cusack, for Respondent.

TAPPAAN, J., *pro tem.*—This is an appeal by defendants, Wagner-Thoreson Company, E. S. Wagner and M. A. Thoreson, from a judgment entered against them. The facts, over which there appears to be no controversy, are briefly as follows: The Wagner-Thoreson Syndicate Corporation, a Delaware corporation duly qualified under the laws of the state of California, to, and transacting business in this state, had an authorized capital stock consisting of 15,000 preferred shares of the par value of $100 each, and 22,500 shares of common stock of nominal or nonpar value. Plaintiff secured a judgment against the Wagner-Thoreson Syndicate Corporation for $21,366.34. Appellant Wagner-Thoreson Company was the owner of 1,000 shares of the preferred and 14,825 shares of the stock without nominal value of the Wagner-Thoreson Syndicate corporation, issued to it under a permit granted by the corporation commissioner of the state of California. The Wagner-Thoreson Company had subscribed 1,005 shares of its common stock and appellant Wagner owned of this stock 476 shares and appellant Thoreson 526 shares.

Judgment was entered in favor of plaintiff and against defendant Wagner-Thoreson Company for the sum of $21,047.25, against defendant M. A. Thoreson for the sum of $10,956.58, and against defendant Wagner for the sum of $9,915.08. Interest was also allowed on the several sums from the date of trial. ▮ Appellants state their only point upon this appeal as follows: "Appellants contend that the stockholders of the Wagner-Thoreson Syndicate Corporation are not liable for its corporate debts because the authorized capital stock is divided into different classes of different value, and no provision is made in the law for imposing stockholders' liability in such cases."

Appellants' contention as presented in their brief is predicated upon the cases of *Film Producers, Inc.*, v. *Jordan*, 171 Cal. 664 [154 Pac. 605], and *Del Monte L. & P. Co.* v.

*Jordan,* 196 Cal. 488 [238 Pac. 710]. Both of these cases involved a question arising under a writ of mandate to compel the Secretary of State to file articles of incorporation. In both instances, the question presented involved domestic corporations as contradistinguished from foreign corporations. In this they are distinguished from the instant case which is one of a foreign corporation.

The case of *Commonwealth Acc. Corp.* v. *Jordan,* 198 Cal. 618, 622 [246 Pac. 796, 798], contains the following: "It is conceded fact herein that the petitioner, a corporation organized in and under the laws of the state of Delaware, had in all respects in its said organization complied with the laws of Delaware, and hence that under the laws of that state corporations such as this could be legally organized with a capital stock structure having certain shares of stock of a fixed par value and certain other shares of stock of a nominal or no par value. It may also be conceded that such a corporation, if attempted to be organized in this state with a like stock structure, would not be entitled to receive from the secretary of state a certificate of incorporation under the rule laid down by this court in *Film Producers Co.* v. *Jordan,* 171 Cal. 664 [154 Pac. 605], and *Del Monte L. & P. Co.* v. *Jordan,* 196 Cal. 488 [238 Pac. 710]. The first question herein presented is as to whether the rule declared in the above-cited cases as applicable to California corporations is also to be given application to foreign corporations duly organized under the laws of the state of their creation."

In the same case at page 627, in answering the question thus propounded, the court says: "When we examine the Constitution and statutes of the state of California in the light of the liberal application which, according to the consensus of the foregoing authorities, should be given to the doctrine of comity in its application to the admission of foreign corporations to transact their lawful business in states other than those of their creation, and when we do so with particular reference to the exhaustive consideration of the similar situation presented in the case of *State ex rel. Standard etc. Co.* v. *Sullivan, supra* [282 Mo. 261; 221 S. W. 728], we are constrained to hold that as to our statutory law upon the subject there is to be found therein no express inhibition against the admission of foreign corporations entering this state and engaging in business therein, even

though it might be that as to their framework, such corporations would not have been entitled to organize as domestic corporations." Upon the question of the liability of stockholders in such foreign corporation so qualifying under the laws of this state, the court at page 630 of the opinion just cited, makes this statement which is controlling in the instant case: "The authorities to which the respondent has cited us with relation to the liabilities of stockholders of foreign corporations hold that the stockholders of such corporations, regardless of the laws of the state wherein they were organized or of the exemptions or other conditions affecting such stockholders and their liabilities under said laws or under the terms of the charter of such foreign corporations, are subjected to the same liabilities as are the stockholders of domestic corporations when such foreign corporations see fit to enter California for the purpose of transacting business therein. It was so held in the case of *Provident Gold Min. Co.* v. *Haynes,* 173 Cal. 44 [159 Pac. 155], and in the earlier decisions of this court cited therein."

The judgment-roll is the only record before this court upon this appeal, and under these circumstances all presumptions are in favor of the judgment as entered by the trial court, and that the evidence introduced at the trial supports the findings as made by the trial court and upon which the judgment was made therein. Under the cases herein cited, there is no question that there is provision made in our law for the imposing of stockholders' liability in the instant case. This answers the only question properly presented here.

The judgment appealed from is hereby affirmed.

Conrey, P. J., and York, J., concurred.