[Civ. No. 9791. Second Appellate District, Division Two.—June 27, 1935.]

P. J. DEAUX, Respondent, v. THE TRINIDAD BEAN & ELEVATOR CO. et al., Appellants.

Chotiner & Chotiner and Alfred Gitelson for Appellants.

W. M. Greathouse and C. E. McDowell for Respondent.

WILSON, J., *pro tem.*—This action is upon several assigned claims growing out of similar transactions between respondent's respective assignors, who were bean growers, and the

appellants. The facts are the same in each transaction. The appellant Allard was the agent of the appellant Trinidad Company, hereinafter referred to as the company, and as such presented a plan to the growers whereby they delivered beans to the company in 1930, and received a loan thereon. Storage receipts were issued by the company, headed "Storage Receipt and Agreement", the pertinent language of which is as follows: "Received the following described beans to be delivered to the order of ———, in warehouse California, subject to all the terms and conditions herein contained, upon return of this receipt properly endorsed. . . . Said beans to be kept fully insured under this receipt against fire without liability for loss or damage from other causes beyond control. It is hereby specifically agreed that delivery will be made to the holder of this receipt upon its proper endorsement and surrender, beans of equal grade and of the same variety in public warehouse at a California shipping point, at the election of the holder" upon ten days' notice. The receipt stated that no charge for storage or insurance would be made prior to June 1, 1931, "unless the above described beans are sold to other than" the company, in which event a stated charge would be made. When the beans were received by the company they were stored in warehouses in its name. Subsequently, in some cases immediately upon receipt of the beans, the company shipped the same to various points outside California without the knowledge or consent of the growers. This action is to recover the value of the beans.

The receipt can be given but one construction, to wit, that the beans stored were to be delivered to the order of the respective growers. Each grower retained title to his beans. The delivery to him of other beans "of equal grade and of the same variety", was an election to be exercised by him, and, unless exercised, he was entitled to receive the identical beans which he had delivered to appellants. Cases cited by appellants in which receipts expressly provided that commodities of equal test, or of equal value, or of equal quality might be returned are of no assistance. This contract did not pass title to the company. The latter was not entitled to treat the property as its own, but was bound to return the same upon demand and upon payment of all charges due under the contract. The exercise by the appellants of dominion over the

152

beans, in defiance of the rights of the growers, amounted to a conversion. (*Glantz* v. *Freedman,* 100 Cal. App. 611 [280 Pac. 704]; *Lowe* v. *Ozmun,* 3 Cal. App. 387 [86 Pac. 729]; *Mier* v. *Southern Cal. Ice Co.,* 56 Cal. App. 512 [206 Pac. 83].) ■ The conversion of the beans having taken place prior to the date on which repayment of the loans was due, it was not necessary that tender of the amounts loaned should antecede the commencement of this action. (Civ. Code, sec. 1515; *Lowe* v. *Ozmun, supra.*) ■ The growers were entitled to interest from the date of conversion. (Civ. Code, sec. 3336; *Sherman* v. *Finch,* 71 Cal. 68 [11 Pac. 847].) When interest is allowable judgment may be rendered therefor even though not prayed for in the complaint. (*Perry* v. *Magneson,* 207 Cal. 617 [279 Pac. 650].)

■ The appellants introduced evidence, over respondent's objection, that at all times prior to the commencement of the action they had in their possession beans in the same quantity, of equal grade, and of like variety as those received from the respective growers. This evidence constituted no defense and the trial court did not err in refusing leave to amend the answer by adding allegations based thereon.

■ After the judgment was entered the appellants asked, and the court refused, leave to amend their answer so as to deny that the company was engaged in the business of storing agricultural products for profit. The allowance of an amendment to a pleading after decision is in the discretion of the court. Furthermore, the receipts, which were the only agreements between the growers and the company, fixed the rights and liabilities of the parties, and whether the company was engaged in that or some other business is immaterial. This disposes of the asserted error in failing to make a finding as to whether the appellant company was a warehouseman.

■ There was no error in the admission of evidence of the growers as to conversations had by them with Allard preceding the delivery of the beans and the execution of the storage receipts. If the contract could be considered as ambiguous the evidence was admissible to explain it, and if no ambiguity existed, the evidence was harmless. (*Provident Gold Min. Co.* v. *Manhattan Securities Co.,* 168 Cal. 304 [142 Pac. 884].) Allard had given evidence of the said conversations, consequently the growers were entitled to testify to the same.

The form of complaint used in this action was approved in *Glantz* v. *Freedman, supra,* and the demurrer thereto was rightly overruled. The findings are amply sustained by the evidence.

The judgment is affirmed.

Crail, J., and Stephens, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 26, 1935, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 26, 1935.

Preston, J., voted for a hearing.