[Civ. No. 5520. Third Appellate District.—May 13, 1936.]

MAMIE COHEN, Appellant, v. OLIVER A. BONNELL et al., Respondents.

Morris Borden and Frank S. Hemminger for Appellant.

James M. Carter for Respondents.

PULLEN, P. J.—On May 27 1926, Oliver A. Bonnell executed a note for $11,000 to Rosie Newman, secured by a mortgage on certain real property. On July 7, 1932, and after maturity, Rosie Newman assigned this note and mortgage to Mamie Cohen, who brought this suit to foreclose the same. The answer of Bonnell admitted substantially all of the allegations of the complaint, and by way of counterclaim alleged that Rosie Newman and Bernath Schwartz were indebted to him on a note for $16,615 secured by a second deed of trust and chattel mortgage.

On June 18, 1932, because of default in principal and interest on this note, Bonnell filed notice of default, and on October 14, 1932, the real property described in the second deed of trust was sold at the trustee's sale for $545.88; thereafter the sum of $150 was realized from the sale of the personal property secured by the chattel mortgage, leaving some $17,000 still due. Bonnell, in his pleading, sought to have this deficiency set off as against the amount due from him to plaintiff herein on the note and mortgage, which had been executed by Bonnell to Rosie Newman and by her assigned to plaintiff herein. This the trial court allowed and rendered judgment accordingly, and appellant now appeals, claiming the right of action against an assignor cannot be used as a basis of counterclaim against an assignee when the cause of action accrued after notice of assignment.

The record shows that Bonnell received notice of the assignment of his note and mortgage in favor of Newman to Mamie Cohen July 28, 1932. However, on or about June 18, 1932, approximately forty days prior to this notice of assignment Bonnell had given notice of default to the maker, Rosie Newman.

Appellant claims the set-off could arise only after the sale of the property under the deed of trust, and the deficiency if any, ascertained, and therefore it was not until October 14, 1932, when the property was sold under the deed of trust that respondent's cause of action for a deficiency could arise.

Section 368 of the Code of Civil Procedure provides that, "In case of assignment of a thing in action, the action by the assignee is without prejudice to any set-off or other defense existing at the time of or before notice of assignment; . . ." Section 1459 of the Civil Code provides for the transfer of a non-negotiable written instrument by indorsement, which endorsement transfers all of the rights of the assignor subject to all equities and defenses existing in favor of the maker at the time of the endorsement.

*St. Louis National Bank* v. *Gay,* 101 Cal. 286 [35 Pac. 876], construing the above sections, holds that a note may be claimed as a set-off though not due at the time the defendant received notice of the assignment if it matured before the commencement of the action by plaintiff. The court there said: "A debtor may fortify himself against the coming suit of his creditor by the purchase of any cross-demands which may be counterclaimed when that suit shall come; and between them an assignee has no standing until he shall have given notice of the assignment. When a stranger voluntarily interferes with relations between third parties, and takes an assignment of an obligation from one of the latter to the other, he is in no position to beg for equitable consideration, and has only such right in the premises as the statute gives him; and under the statute he stands in the shoes of his assignor until he gives notice of the assignment; but such notice in no way destroys or impairs any right which the debtor had acquired against the creditor prior to such notice. The relative times at which the notes in the case at bar matured is of no consequence, since they were due at the commencement of the action; for, under the rule

invoked by appellant, a debtor could not use a note falling due before his own obligation, if before its maturity he received notice of assignment.''

█ The fact that the note here in question was secured by a mortgage is immaterial under the provisions of section 438 of the Code of Civil Procedure, which permits a counterclaim to be set up whether the same is secured by mortgage or otherwise, and even in cases where the action is one to foreclose the security. (*Hanes* v. *Coffee*, 212 Cal. 777 [300 Pac. 963].)

█ Appellant urges a further objection to the judgment, asserting the court made inconsistent findings. This inconsistency is that the court found that the second deed of trust executed by Rosie Newman was valueless, and later the court found that the sum of $585.88 was paid at the trustee's sale for said property. The finding that the deed of trust was valueless was as to all times after June 15, 1932, and in particular on July 18, 1932, whereas the sale occurred on October 14, 1932; but conceding that some inconsistency did exist, it is not shown how it was prejudicial to appellant in any way, and therefore under the provisions of article VI, section 4½ of the state Constitution, may be disregarded.

Finding no error, the judgment should be affirmed, and it is so ordered.

Thompson, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by he Supreme Court on July 10, 1936.