[Civ. No. 12119.   First Dist., Div. One.   Nov. 25, 1942.]

HARRY HALL AND COMPANY, INC. (a Corporation), Appellant, v. CONSOLIDATED PACKING COMPANY (a Corporation), Respondent.

Joseph A. Garry for Appellant.

Norman A. Eisner for Respondent.

WARD, J.—Appeal by plaintiff from a judgment in favor of defendant. The complaint originally filed set up two causes of action in two counts, both based upon the issuance by defendant to Edward G. Ahrens & Company of a so-called negotiable warehouse receipt and both for a valuable consideration negotiated to the plaintiff. It covered 2,000 boxes of raisins; the first count is for failure to deliver on demand 1,275 boxes, and the second count for like failure to deliver the balance.

At the conclusion of plaintiff's testimony defendant made a motion for nonsuit. Before the court ruled thereon plaintiff requested leave to file an amended complaint. Thereafter the court granted the defendant's motion but allowed plaintiff to amend by adding a third cause of action based on an alleged breach of contract.

The facts may be stated as follows: The defendant had entered into three separate contracts with Ahrens & Company for the sale of several thousand boxes of raisins of various brands. Of these, the latter on September 13, 1939, sold to plaintiff 2,000 boxes. Before paying Ahrens & Company

therefor plaintiff arranged with the defendant for the issuance by the latter to Ahrens & Company of a receipt for this number of boxes, with the understanding that Ahrens & Company would transfer it to plaintiff. On November 7th this receipt was so issued upon payment by Ahrens & Company for the quantity covered by it, and Ahrens & Company in turn transferred the receipt to plaintiff upon payment to it of the agreed price. On November 22nd plaintiff telephoned defendant inquiring whether or not these raisins were covered by insurance, in reply to which inquiry defendant on the same day wrote plaintiff that the raisins were held against the receipt and were at all times insured. The plaintiff later made demand for the delivery of the raisins, with which defendant refused to comply on the ground that Ahrens & Company had defaulted in payment of one or more of their outstanding contracts with defendant, and that it claimed the right to offset the raisins covered by the receipt against Ahrens & Company's indebtedness.

It is plaintiff's contention that the court erred in granting the nonsuit on the first two causes of action, and that there was error in holding that the default of Ahrens & Company in connection with its other contracts with defendant could be set up against plaintiff on the third cause of action.

The instrument, though entitled a "warehouse receipt," is not in fact technically such, so that it was not necessary, in order to render it non-negotiable, to endorse upon it that term, the provisions of the Warehouse Receipts Act (Stats. 1909, p. 437; Deering's Gen. Laws 1937, Act 9059, § 7, p. 4214) relative to such an endorsement not applying "to letters, memoranda, or written acknowledgments of an informal character" such as the receipt here given. It is not sufficient to denominate an instrument a "warehouse receipt" if in fact its contents show that it was not such or intended as such. (*Shepardson* v. *Cary*, 29 Wis. 34; *National Bank of Commerce* v. *Flanagan Mills & E. Co.*, 268 Mo. 547 [188 S.W. 117].) Appellant cites *Deaux* v. *Trinidad Bean & Elevator Co.*, 8 Cal.App.2d 149 [47 P.2d 535] as authority for its position that a document which answers the ordinary requirements of a warehouse receipt should be so considered. In the Deaux case defendant had issued a receipt and agreement to hold certain beans and to deliver them or beans of equal grade and of the same variety. The action was for

conversion. Defendant requested leave to amend its answer so as to deny that it was engaged in the storage business for profit. The receipt fixed the rights of the parties irrespective of "warehouse" storage, and accordingly the denial of the motion to amend certainly was not prejudicial, and, as the court held, was immaterial. ■ When pledged goods are in the care and possession of a warehouseman so as to be the subject of a "warehouse receipt," they must be segregated from other goods, so that third parties may have notice of the pledge. (*Peoples Bank of Buffalo* v. *Aetna Indemnity Co.*, 91 Conn. 57 [98 A. 353].)

■ In the present case defendant was not a public or a private "warehouseman" (*Sinsheimer* v. *Whitely*, 111 Cal. 378 [43 P. 1109, 52 Am.St.Rep. 192]), nor was it to receive compensation for the storage. The receipt of November 7th was merely an acknowledgment that a specified number of cases of raisins had been paid for by Ahrens & Company and that they "or the equivalent in weight" would be delivered to such company upon shipping instructions. The letter to plaintiff dated November 22nd was simply a reiteration that the raisins covered by the receipt "issued really to Edward G. Ahrens & Company, however, in turn surrendered to you" were being "kept . . . in sweat boxes . . . covered by fire insurance." This letter may not be construed as giving plaintiff a claim superior to that of Ahrens & Company.

As stated, the original complaint contains two counts based on a "negotiable warehouse receipt." The trial court's ruling on the motion for nonsuit shows that it interpreted the document as a mere contract and not a technical warehouse receipt. This interpretation is proper.

There is no merit in the contention presented on appeal that "Having intentionally and deliberately issued a warehouse receipt and having led plaintiff to believe that it is such and to pay its money on the strength of such belief, the defendant is estopped from denying it." There is no direct finding on estoppel, which was not pleaded, but the finding that defendant had a right to assert the set-off and "that plaintiff acquired the assignment . . . subject to all equities, defenses and set-offs existing at the time of or before notice to defendant of said assignment" seems definitely to indicate the trial court's view on that subject, which we find borne out by the evidence.

█ Plaintiff was permitted to add a third cause of action upon the theory that the receipt was an independent contract between defendant and Ahrens & Company, and that upon its assignment to plaintiff, with the approval of defendant, a new and independent contract was entered into between plaintiff and defendant. The answer to the third cause of action admitted the execution of the document dated November 7, 1939 and its assignment to plaintiff, and as a separate defense, "by way of set-off and counterclaim," alleged other contracts between it and Edward G. Ahrens & Company in connection with which the latter had defaulted and defendant had suffered damages in excess of the fair market value of the particular raisins claimed by plaintiff. The court found that the facts substantiated the claim of the defendant.

The third cause of action involves practically one question, namely, the legal rights of an assignee of a non-negotiable instrument. Plaintiff in his opening brief admits that on the date of the issuance of the receipt, November 7th, "Ahrens was [already] in default," at least in connection with his contract of July 27, 1939, which specified the last day for delivery of merchandise therein as October 31st.

The judgment on the third cause of action, that plaintiff recover nothing, is based on the rule enunciated in *St. Louis National Bank* v. *Gay,* 101 Cal. 286 [35 P. 876] and *Cohen* v. *Bonnell,* 14 Cal.App.2d 38 [57 P.2d 1326], that an action by an assignee is without prejudice to any set-off existing before notice of the assignment, unless the action is upon a negotiable instrument transferred in good faith. (Code Civ. Proc., § 368.) In the Cohen case (pp. 40-41), the court said: "Section 368 of the Code of Civil Procedure provides that, 'In case of assignment of a thing in action, the action by the assignee is without prejudice to any set-off or other defense existing at the time of or before notice of assignment; . . .' Section 1459 of the Civil Code provides for the transfer of a non-negotiable written instrument by indorsement, which indorsement transfers all of the rights of the assignor subject to all equities and defenses existing in favor of the maker at the time of the endorsement.

"*St. Louis National Bank* v. *Gay,* 101 Cal. 286 [35 P. 876], construing the above sections, holds that a note may be claimed as a set-off though not due at the time the defendant received notice of the assignment if it matured before the

commencement of the action by plaintiff. The court there said: 'A debtor may fortify himself against the coming suit of his creditor by the purchase of any cross-demands which may be counterclaimed when that suit shall come; and between them an assignee has no standing until he shall have given notice of the assignment. When a stranger voluntarily interferes with relations between third parties, and takes an assignment of an obligation from one of the latter to the other, he is in no position to beg for equitable consideration, and has only such right in the premises as the statute gives him; and under the statute he stands in the shoes of his assignor until he gives notice of the assignment; but such notice in no way destroys or impairs any right which the debtor had acquired against the creditor prior to such notice. The relative times at which the notes in the case at bar matured is of no consequence, since they were due at the commencement of the action; for, under the rule invoked by appellant, a debtor could not use a note falling due before his own obligation, if before its maturity he received notice of assignment.' " (See, also, *Harrison* v. *Adams*, 20 Cal.2d 646 [128 P.2d 9].)

There is no merit in appellant's contention that a new and independent contract between plaintiff and defendant came into being. The receipt specifically refers to two contracts, giving their numbers, which covered the goods in question. They were made with Ahrens & Company prior to any correspondence or communication between plaintiff and defendant, and by the terms of the receipt the goods were being held for Ahrens & Company, pending shipping instructions, and not for plaintiff.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.