[L. A. No. 4360. In Bank.—January 8, 1916.]

FILM PRODUCERS (Inc.) et al., Petitioners, v. FRANK C. JORDAN, as Secretary of State of the State of California, Respondent.

CORPORATIONS—DIVISION OF CAPITAL STOCK INTO CLASSES HAVING DIFFERENT PAR VALUES—PREFERENCES AS TO VOTING POWER AND STOCKHOLDERS' LIABILITY.—The division of the capital stock of a corporation having an aggregate value of one million dollars into fifty thousand shares of common stock of the par value of one dollar each, and forty-seven thousand five hundred shares of preferred stock of the par value of twenty dollars each, is violative of the provisions of subdivision 6 of section 290 of the Civil Code, in that by reason of the difference in the par value of the two classes of stock, a preference is given as to the voting power of the common stock, while as to the liability of stockholders to the creditors of the corporation a preference is given to the preferred stock. The Secretary of State is justified in his refusal to file articles of incorporation embodying such a division.

APPLICATION for a Writ of Mandate directed to the Secretary of State of the State of California.

The facts are stated in the opinion of the court.

Frank C. Hill, Lynden Bowring, and George S. Hupp, for Petitioners.

U. S. Webb, Attorney-General, and John T. Nourse, Deputy Attorney-General, for Respondent.

HENSHAW, J.—Mandate to the Secretary of State, who has refused to file petitioners' articles of incorporation, seeking a judgment compelling him to do so.

The secretary's refusal is based upon his conviction that the articles of incorporation do violence to the laws of the state in the following particulars: The capital stock of this corporation is one million dollars, divided into fifty thousand shares of common stock of the par value of one dollar each, and forty-seven thousand five hundred shares of preferred stock of the par value of twenty .dollars each. Our law (Civ. Code, sec. 290, subd. 6) permits the issuance of preferred

capital stock, "provided, however, that no preference shall be granted nor shall any distinction be made between the classes of stock either as to voting power or as to the statutory or constitutional liability of the holders thereof to the creditors of the corporation." Touching the stockholder's liability, section 322 of the Civil Code declares that each stockholder shall be personally liable for such proportion of the corporation debts "as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock or shares of the corporation."

The preferences which in terms the articles of incorporation give to the preferred stock or stockholders are not in and of themselves in violation of our law. If our law is violated it is because by virtue of the differing par values between the common and the preferred stock, of necessity preference is given as to voting power to the common stock, while as to the stockholder's liability preference is given to the preferred stock. Section 307 of the Civil Code gives to stockholders the right to vote to the extent of the "number of shares" held by each. These sections of the code thus given embody the law controlling the decision of the question.

Petitioners first contend that no violation is done to the law forbidding distinctions between the voting power of common and preferred stock, in that the law simply declares that each share of stock shall be entitled to its vote, and that under these articles of incorporation each share is so given its right to vote. This is unquestionably true. Touching the second position taken by the Secretary of State it is argued that when section 322 of the Civil Code uses the words "stock" or "shares" it uses the words interchangeably as meaning the same thing, with the result that each stockholder's liability would be proportioned to the number of shares which he owned regardless of the par value of the shares. Or, if this be not true, and the words above quoted, used as they are in the alternative, are to be construed as meaning different things, it would then follow that the owner of one share of common stock, who thus owned one dollar of the capital stock of the corporation, would be subjected to one-twentieth of the liability that would attach to the owner of one share of preferred stock, who thus owned twenty dollars of the capital stock of the corporation. This position would appear to be equally sound.

The difficulty with both of these positions, however, is that they take no account of the intimate relation necessarily existing under our law between the right to vote stock upon the one hand and the stockholder's liability upon the other. A brief discussion will show what is meant. "Shares" of stock are but representatives of value. They are but paper evidence of ownership of the capital stock of the corporation, and that ownership is precisely such as the share itself declares it to be. Where a corporation such as this has a capital stock of one million dollars, every owner of one preferred share of stock owns twenty millionths of the capital stock of the corporation. Every owner of one share of common stock owns but one millionth of the capital stock of the corporation. To say that each of these is a share and that each is given equal representation under the law because each stockholder is permitted to vote each share is but skimming the surface of the question. Each shareholder is entitled to vote in accordance with his ownership of the capital stock. Throughout the whole history of our law all shares of stock in any given corporation have been of identical par value, and no such questions as are here presented, therefore, have arisen or could arise. Every share represented an equal ownership in the capital stock, and it mattered not whether the law spoke of the right to vote or of the stockholder's liability as being based on and proportioned to "the amount of stock" or to "the number of shares." Reaching into the vitals of the question, therefore, there is a plain distinction in these articles of incorporation made between the classes of stock in that in one class of stock a single share, representing but one millionth of the capital stock, is entitled to the same vote that another share representing twenty millionths of the capital stock is given. Or, to epitomize the consideration, if all of the stock of this corporation is subscribed for at par, stockholders owning the common stock and having but fifty thousand dollars of investment will control a corporation with a capital stock of one million dollars, leaving the owners of nine hundred and fifty thousand dollars of stock in a hopeless minority. Again, we have said that there is an intimate correlation between the voting right and the stockholder's liability. It becomes conspicuous when consideration is paid to the latter question. If it shall be said that in this corporation a stockholder's liability is gov-

erned by the proportionate number of shares which he owns, then it must result that one who owns a single share of common stock is subjected to the same liability as one who owns a single share of preferred stock, although his investment and ownership in the corporation will be but one-twentieth of that of the man who, with a larger holding, incurs a less liability. Upon the other hand, if it be said that section 322 is to be construed as imposing liability in proportion to the ownership of the subscribed capital stock, then we still encounter the difficulty that the owner of twenty dollars of the capital stock has a voting power only one-twentieth as great as that of the man who owns but a single dollar's worth of capital stock.

The truth of the matter is that our statutes were framed, and our decisions under them based, upon a capitalization represented by shares of a single par value. The market trading in and the market value of these shares can have no bearing upon the construction of the statutes. It was the clear design of our law that liability should be imposed in proportion to the ownership of the capital stock, and where the shares of capital stock had the same par value, it was a matter of indifference whether the law declared that the liability should be in proportion to the owned shares or in proportion to the owned capital stock. The law, however, uses both phrases. When it comes to a stockholder's voting power in a corporation, it may not be questioned for a moment but that that fundamental right to vote is based upon ownership of the capital stock as distinguished from shares and not merely upon shares, which are but representatives of value. And as little can it be questioned but that the voting power should be given to the stockholders in proportion to their interest in the capital stock of the corporation.

For these reasons mandate is denied and the writ discharged.

Sloss, J., Melvin, J., Shaw, J., Lawlor, J., and Angellotti, C. J., concurred.