[S. F. No. 11328. In Bank.—July 29, 1925.]

DEL MONTE LIGHT & POWER COMPANY (a Corporation), Petitioner, v. FRANK C. JORDAN, as Secretary of State, etc., Respondent.

[1] CORPORATIONS—SINGLE PAR VALUE STOCK—VOTING POWER—STOCK-HOLDERS' LIABILITY—CONSTITUTIONAL LAW.—It was the intent of the framers of our state constitution, in inserting in sections 3 and 12 of article XII thereof the provisions touching the relative voting influence and proportional liability of the stockholders of corporations, to require that corporations organized thereunder should have their capitalization represented in shares of a single par value, and such must be required of those seeking to organize corporations or to amend the articles of corporations already organized in this state so long as the aforesaid provisions of our state constitution remains unchanged.

PROCEEDING in Mandamus to compel the Secretary of State to file amended articles of incorporation of petitioner. Application denied.

The facts are stated in the opinion of the court.

Chickering & Gregory and Garret W. McEnerney for Petitioner.

U. S. Webb, Attorney-General, Robert W. Harrison, Chief Deputy Attorney-General, and Charles A. Wetmore, Deputy Attorney-General for Respondent.

RICHARDS, J.—The petitioner herein applies for a writ of mandate whereby it seeks to have the respondent in his capacity as Secretary of State file the petitioner's amended articles of incorporation, a copy of which is attached to its petition herein, the respondent having refused to receive or file the same for certain specified reasons which are fully set forth in said petition. The facts upon which the petitioner relies as furnishing a sufficient basis for its claim of right to have its said amended articles of incorporation filed in the office of said respondent and to have this writ issued

(1) 14 C. J., p. 393, n. 28.

to compel such filing are also embraced in its said petition and may be stated in brief as follows: The petitioner was duly organized as a corporation in and under the laws of the state of California on or about the twelfth day of May, 1919, for the purpose of engaging in such activities in the way of the distribution of light, heat and power as would constitute it a public utility corporation, with a declared stock capitalization of $25,000, divided into 250 shares, each of the par value of $100, of which 125 shares were to consist of preferred stock entitled to certain preferences as specified in its articles of incorporation, and of 125 shares of common stock. The law as it read at the date of the organization of said corporation provided that the preferred and common shares of a corporation should be of the same par value. (Civ. Code, sec. 290.) In the year 1923 the Civil Code was amended by the addition thereto of sections 290b, 290c, 290d, 290e, and 290f, wherein it was for the first time enacted that corporations existing or thereafter to be organized might in their original or amended articles of incorporation provide for the issuance of shares of stock without any nominal or par value, and that the articles of incorporation, in either their original or amended form might provide for the issuance of a specified number of shares of stock with a nominal or par value and for the issuance of a specified number of shares of stock without a nominal or par value; that the nominal or par value of shares of stock having a nominal or par value should be the same, and that as to the shares of stock having no nominal or par value each share thereof should be equal to every other share thereof. By these amendments to the Civil Code it was also provided that corporations organized or amending their articles of incorporation thereunder, should state therein the amount of capital stock with which the corporation would begin business; and further provided that no corporation authorized thereunder to issue shares with no-nominal or par value should begin business until the amount of capital with which it would begin business as stated in the articles of incorporation should have been fully paid in. There are certain other provisions in these amendments to the code which do not need to be considered in this opinion. Acting under these provisions of the code as thus amended in 1923, the petitioner herein, in August, 1924, proceeded to amend its

articles of incorporation so as to provide that the amount of stated capital with which it would begin business was $25,-000; that the number of its shares with a nominal or par value was 125, which were designated as and were to be preferred shares with the preferences particularly specified in its said amended articles of incorporation, and with a nominal or par value of $100 per share; and that the number of its shares without a nominal or par value was 250, designated as common shares. It was these amended articles of incorporation which the petitioner herein, after the due preparation thereof by its officers, and authorization thereof by its stockholders, as required by the foregoing provisions of the Civil Code, offered for filing to and in the office of the Secretary of State, and which the respondent herein, for the reasons specifically stated by him, refused to file. Wherefore the petitioner herein demands this writ. The first specific objection which the respondent presented to the filing of the petitioner's said amended articles of incorporation was that the same were in violation of section 362 of the Civil Code, which relates to the amendment of articles of incorporation, and which contains the provision, "that both the common and preferred shares shall be of the same par value." The same provision is to be found in section 290 of the Civil Code, which relates to the contents of original articles of incorporation. In response to this objection the petitioner contends that the foregoing requirement found in each of these sections of the Civil Code was inserted therein by amendment thereto in the year 1915, but that the provisions of said code relating to par value and nonpar value stock were inserted in said code in 1923, and that they effected a change in the law in the above regard by necessary implication, since in permitting corporations to so organize or so amend their articles of incorporation as to provide for both par and nonpar stock the legislature of necessity as to such corporations did away with the requirement that common and preferred shares of stock, if the former were also nonpar stock, should have the same par value. The argument of the petitioner in this regard is plausible and might be effectual except for the fact that it flies in the face of the decision by this court in the case of *Film Producers, Inc.,* v. *Jordan,* 171 Cal. 664 [154 Pac. 605], and the petitioner herein, realizing that fact, insists

that this court should now overrule that decision, or at least should confine its application to the particular facts of that case and to the particular state of the law at the time it was written.  This insistence renders necessary a reconsideration of the basic principles underlying that case. In that case, as in this, there was an application to this court for a writ of mandate to compel the Secretary of State to file the petitioner's articles of incorporation.  Said articles thus tendered in that case stated that: "The capital stock of this corporation is $1,000,000.00, divided into fifty thousand shares of common stock of the par value of one dollar each, and forty-seven thousand five hundred shares of preferred stock of the par value of twenty dollars each."  At the time said articles of incorporation were presented for filing to the Secretary of State sections 290 and 362 of the Civil Code had not been so amended as to require "that both" the common and preferred shares shall be of the same par value."  The decision of this court was not, therefore, predicated upon this requirement in these sections of the Civil Code, but was based upon the provisions of sections 307 and 322 of the Civil Code.  The latter of these is the section of said code which provides that "each stockholder of a corporation is individually and personally liable for such proportion of all its debts and liabilities contracted or incurred during the time he was a stockholder as the amount of stock or shares owned by him bears to the whole subscribed stock or shares of the corporation."  Section 307 of said code is the section thereof which regulates corporate elections and provides that "all elections must be by ballot and every stockholder shall have the right to vote in person or by proxy the number of shares standing in his name . . . for as many persons as there are directors to be elected, or to cumulate said shares," etc.  The learned writer of the opinion in the said case held that these two sections of the Civil Code were correlated and were to be read together and the words and phrases employed in each given the same interpretation. He then proceeded to point out that these sections of the Civil Code were framed upon the theory of a corporate capitalization represented by shares of stock of a single par value.  Based upon this premise the opinion states that "It was the clear design of our law that liability should be imposed in proportion to the ownership of the capital stock,

and where the shares of the capital stock had the same par value it was a matter of indifference whether the law declared that the liability should be in proportion to the owned shares or in proportion to the owned capital stock. The law, however, uses both phrases. When it comes to the stockholder's voting power in a corporation it may not be questioned for a moment but that that fundamental right to vote is based upon ownership of the capital stock as distinguished from shares and not merely upon shares which are but representations of value. And as little can it be questioned but that the voting power should be given to stockholders in proportion to their interest in the capital stock of the corporation.'' Applying the foregoing principle to the case then in hand the court held that to permit a corporation to so frame or amend its articles as to provide that one body of stockholders, designated as preferred stockholders, should be permitted to have shares of the capital stock of the corporation of the par value of $20 per share, while another body of the stockholders might have stock, designated as common stock, of the par value of $1 per share would be violative of the above declared policy of the law, since under such a plan of stock capitalization the stockholder owning one share of the common stock of such a corporation, of the par value of $1 per share, would, under section 307 of the Civil Code, be entitled to the same vote and voice in the election of directors of the corporation as the stockholder of one share of the preferred stock of the corporation having a par value of $20 per share would have, or, in other words, with relation to the capitalization of the corporation, twenty times the voting power in voting his single share or in cumulating his share of the common stock over that of the owner of a share or shares of preferred stock; and since on the other hand, in considering the liability of the stockholders of the corporation under section 322 of the Civil Code the owner of one share of the preferred stock of the corporation would be subjected to the same liability to the creditors of the corporation for the proportion which his share of stock bore to the entire subscribed capital stock as would the owner of one share of common stock, although the interest of the owner of the share or shares of preferred stock was twenty times greater than

was that of the owner of an equal share or shares of common stock. These consequences, as pointed out in the opinion, would be hostile to the policy of the law in accord with which the correlated sections 307 and 322 of the Civil Code were framed and which by requiring each share of the capital stock of corporations to have the same par value served to maintain an equality of voting power and of proportionate liability among all of the stockholders of the corporation.

If we adopt as correct the conclusion of this court in the foregoing case to the effect that a right interpretation of sections 307 and 322 of the Civil Code requires a capitalization of corporations represented by shares of a single par value; and if we apply to the instant case the reasoning as to the consequences which would flow from a departure from that principle, it would follow irresistibly that the amended articles of incorporation which the petitioner herein has presented for filing to the Secretary of State also violates the same principle and is subject to similar consequences; and this for the reason that there can be no ratio of equality between the holders of shares of preferred stock of a fixed par value and the holders of shares of common stock of no par value; and this is perfectly illustrated by what the petitioner herein is proposing to do by its amended articles of incorporation, since its main purpose in such amendment of its articles is to enable it, while maintaining constant that portion of its capital stock which is represented in its 125 shares of preferred stock with a par value of $100 per share, to increase the number of its shares of common stock of no par value to 250 shares. The effect of this charge would inevitably be to give to the holders of the increased number of shares of the common stock of the petitioner a doubled vote for directors of the corporation over that of the holders of the preferred stock thereof; and this result if once permitted might go on indefinitely through further amendments of its articles of incorporation until the voting influence of the holders of the preferred stock of the corporation under section 307 of the Civil Code would be practically destroyed; or, on the other hand, by a like increase in its shares of common stock the liability of the holders of the latter to the creditors of the corporation, under section 322 of the Civil Code, would correspondingly

part company with the liability of the holders of the pre-
ferred stock but in the reverse ratio. The petitioner herein,
as one answer to the foregoing reasoning and consequences
of the decision in *Film Producers, Inc.,* v. *Jordan, supra,*
points out that as sections 307 and 322 of the Civil Code
are statutory enactments they were subject to change as
to their purpose and consequences by the legislature and
that such change was effectuated by the adoption of sections
290b et seq. of the Civil Code providing for the issuance
of nonpar stock by corporations; and that such change also
had the effect of repealing that portion of sections 290 and
362 of the Civil Code, wherein it is provided that the pre-
ferred and common shares of corporations shall be of the
same par value. The difficulty with this argument lies in a
misconception of what is really determined by our decision
in said case. This misconception is in part at least due to
the fact that the writer of the opinion in that case rested his
conclusions upon the language of sections 307 and 322 of
the Civil Code. But the language of these sections of the
Civil Code is but a reproduction in statutory form of the
identical language found in section 3 of article XII and
section 12 of article XII, respectively, of the constitution,
and hence that the decision in that case is to be given the
same effect as though its reasoning and conclusions had been
predicated upon these corresponding provisions in the state
constitution, which, of course, no later statutory enactment
could change. As to the provisions in sections 290 and 362
of the Civil Code declaring that the preferred and common
stock of corporations should have the same par value, it is
apparent that the amendment of these sections of the Civil
Code in this particular respect was made in conformity with
the same principle which was declared by this court in the
case of *Film Producers, Inc.,* v. *Jordan, supra,* viz., that it
was the intent of the framers of both the organic and the
statutory law embodied in sections 307 and 322 of the Civil
Code that the capitalization of corporations should be rep-
resented by shares of a single par value. In order, there-
fore, to agree with the petitioner herein that it is entitled to
have filed with the respondent its proposed amended ar-
ticles of incorporation it is undeniable that we must over-
rule the decision of this court in the case of *Film Producers,
Inc.,* v. *Jordan, supra,* to the extent of holding that it was

not the intent of the framers of the constitution in placing therein the provisions of sections 3 and 12 of article XII thereof, to require that the capitalization of corporations should, for the purpose of giving effect thereto, be represented in shares of a single par value. We are not prepared so to do. The constitution of 1879 was adopted at a time in the history of the state, and in fact of all the states, when such a concept as the existence of corporate stock having no par value was a thing unknown to the laws relating to the organization and functioning of business corporations, and also at a time when the actual or possible evils of favoritism among the stockholders of corporations, both in respect to voting influence and to liabilities, had become apparent in the history of corporate development in the opinions of text-writers and in the decisions of courts. It was in order to guard against these and certain other consequences of actual or potential danger existing or foreshadowed in that marvelous expansion of corporate growth in varied and widening fields of activity and of influence which mark that epoch in our state and national history, that the provisions of article XII of our state constitution were adopted, covering many pages thereof and consisting largely of limitations upon corporate powers, definitions or corporate liabilities and restrictions upon the otherwise unlimited right of the legislature to unduly extend the one or to remove or qualify the other. We are, as above stated, not prepared to hold that the purpose of the framers of our constitution was not that indicated in the decision of *Film Producers, Inc.*, v. *Jordan, supra;* or, with respect to this particular case to overrule or qualify that decision. In so stating, we are not to be understood as indicating any view as to whether the recent and yet somewhat widely adopted idea of forming corporations with shares of stock in whole or part of no stated par value is or is not a wholesome development of the law and policy of corporations in that particular regard. This is as yet a much-disputed question among those jurists and text-writers who are disposed to philosophize upon the subject. We do not enter that field. [1] We only conclude in this decision that it was the intent of the framers of our state constitution in inserting the provisions therein above referred to touching the relative voting influence and proportional liability of the stockholders

of corporations to require that corporations organized thereunder should have their capitalization represented in shares of a single par value, and that such must be required of those seeking to organize corporations or to amend the articles of corporations already organized in this state so long as the aforesaid provisions of our state constitution remain unchanged. This conclusion renders unnecessary an extended discussion of the other objections urged by the respondent against the filing of the petitioner's amended articles of incorporation, and also renders needless any further consideration of the effect of section 11 of article XII of the constitution upon the immediate questions involved in the instant case, other than a reference to the light cast thereon by our decision in the two cases of *Dominguez Land Corp.* v. *Daugherty, ante,* p. 468 [238 Pac. 697, 703]; and also renders unnecessary a discussion of the question as to whether the petitioner herein, in its capacity as a public utility corporation, is precluded by the provisions of section 3 of chapter 713 of the Statutes of 1917 (Stats. 1917, p. 1367) from so amending its articles of incorporation as to provide for shares of its stock having a nominal or par value and for shares of its stock without nominal or par value, or to file with the Secretary of State amended articles of incorporation containing such provisions, since our conclusions upon the main question covers also such a case.

The application is denied.

Lawlor, J., Waste, J., Seawell, J., Shenk, J., Lennon, J., and Myers, C. J., concurred.

Rehearing denied.