[S. F. No. 14691. In Bank.—January 27, 1933.]

PRATT-LOW PRESERVING COMPANY (a Corporation), Petitioner, v. FRANK C. JORDAN, as Secretary, etc., Respondent.

Chickering & Gregory, Donald Y. Lamont and Lalor Crimmins for Petitioner.

Charles F. Going, Knight, Boland & Riordan, Morrison, Hohfeld, Foerster, Shuman & Clark, Downey, Brand & Seymour, and Orrick, Palmer & Dahlquist for Respondent.

SEAWELL, J.—Petition for a writ of mandate compelling the Secretary of State to accept for filing a certificate of amendment of articles of incorporation of the Pratt-Low Preserving Company decreasing the number of its directors from nine to seven. The respondent Secretary of State has demurred generally to the petition.

As originally incorporated in 1905 petitioner corporation had seven directors. Thereafter in 1919, pursuant to sec-

tion 361 of the Civil Code as it then read (repealed in 1929), steps were taken to increase the number of directors to nine. Accordingly, there was filed with the respondent Secretary of State on April 5, 1919, a certificate purporting to show such an increase of directors. It is admitted that the provisions of section 361, *supra*, were fully complied with by petitioner. Since 1919 and until April, 1932, petitioner purported to act by and through a board of nine directors. At this latter date, and under and pursuant to the provisions of section 362 of the Civil Code as enacted in 1929, petitioner took steps to decrease its board of directors to the original number of seven. Pursuant to the provisions of that section petitioner presented for filing with the Secretary of State, a certificate showing such decrease in the number of directors, and indicating that the articles of incorporation had been amended accordingly. The respondent Secretary of State concedes that the certificate satisfies the requirements of section 362, *supra*, as it now stands, but has refused to file said certificate on the ground that the attempt to increase the number of directors from seven to nine in 1919 was abortive and to permit a purported decrease from nine to seven now would be an idle act. Respondent contends that the purported increase in 1919 was ineffectual for the reason that although petitioner complied with all the provisions of section 361, *supra*, as it then read, it failed to formally amend its articles in accordance with section 362, as it then read.

On the other hand petitioner argues that a California corporation had the power pursuant to the provisions of section 361 of the Civil Code as that section stood in 1919 to change the number of its directors fixed by its articles of incorporation by merely complying with the provisions of section 361, and filing a certificate showing such change, and that it was not necessary to amend its articles as provided in section 362 of the Civil Code as it then read. Petitioner therefore contends that having validly increased its board of directors from seven to nine it may now decrease that number by the procedure outlined in sections 362, 362a and 362b as they now read and which petitioner has admittedly followed.

In 1919, section 361 of the Civil Code, enacted in 1915, read: ''Any corporation or association may increase or

diminish the number of its directors or trustees by the vote or written assent of stockholders representing a majority of its subscribed capital stock, or, if it has no capital stock, by the vote or written assent of a majority of the members. A certificate over the corporate seal, setting forth the action taken by the stockholders, or members, and stating the new number of directors, shall be signed by the president and secretary of such corporation or association, and filed in the office of the county clerk of the county where its original articles of incorporation were filed, and a copy of said certificate certified by such county clerk, shall be filed in the office of the secretary of state, whereupon the number of directors or trustees shall be changed as stated in said certificate. This section shall apply to all corporations existing under the laws of the State of California, whether organized and incorporated prior to the enactment of this code, or subsequent thereto.''

The pertinent portions of section 362 in force at the same time read: ''Any corporation organized under the laws of this state *may* amend its articles of incorporation for any or all of the following purposes: . . . 5. To state the number of its directors, as increased or diminished. . . . ''

The question therefore presented is: Can a California corporation which increased the original number of its directors in 1919 under former section 361 of the Civil Code, without amending its articles under the former section 362 of the Civil Code, now decrease the number of its directors to the original number by amending its articles under the present sections 362, 362a and 362b of the Civil Code?

The question presented is wholly one of interpretation and appears to be one of first impression. ■ Compliance with the requirements of the statutes is a condition precedent to the right of a corporation to perform corporate functions. (*California etc. Light Co.* v. *Jordan*, 19 Cal. App. 536, 543 [126 Pac. 598].) ■ The Secretary of State has the same authority to inquire into the formal compliance with law of amendments as he has over the original articles. (*Del Monte Light & Power Co.* v. *Jordan*, 196 Cal. 488 [238 Pac. 710].) ■ The duty to file amended articles is one compellable by *mandamus* in a proper case. (*Tognazzini* v. *Jordan*, 165 Cal. 19 [130 Pac.

879, Ann. Cas. 1914C, 655]; *Tashiro* v. *Jordan*, 201 Cal. 236 [256 Pac. 545, 53 A. L. R. 1279].)

Section 361 in 1919 contained no provision requiring an amendment of the articles to effectuate a change in the number of directors. It simply required action by a majority of the shareholders and the filing of the certificate of increase or decrease. As already stated this procedure was strictly complied with by petitioner. Section 362 in 1919 dealt with the amendment of articles of corporation for the purposes set forth therein. Among other things it was therein provided that the articles "may" be amended "To state the number of its directors, as increased or diminished." The quoted language from section 362 as it read in 1919 indisputably indicates that it was not necessary in order to effectuate a change in the number of directors to amend the articles. In other words, the provisions of section 362, *supra*, so far as pertinent here, were permissive only and not mandatory, and compliance therewith necessarily was not a condition precedent to increasing or diminishing the number of directors.

Petitioner argues with force that increasing the number of directors pursuant to the provisions of section 361 was substantially an amendment of the articles as effecting changes in the fundamental powers of the corporation and the contract between it and the state, citing *Tomlinson* v. *Jessup*, 82 U. S. (15 Wall.) 454 [21 L. Ed. 204], and that section 362 therefore should be considered merely as supplying one of the procedures for making changes in corporate structure, but not as defining what in substance are amendments of the articles, a distinction that has been removed by provisions of the General Corporation Law (Stats. 1931, chap. 862, p. 1762), providing that all changes of fundamental corporate powers should be accomplished under one form of procedure.

Upon a consideration of the various sections of the codes applicable to the proposition here involved as they read in 1919 we are of the opinion that the broadest meaning should be given to the term "Articles of Incorporation" as not only evidencing the formal articles but also as embodying such instruments or certificates as evidence a change therein made pursuant to legislative enactment. The legislature by enacting section 361 in 1915 provided the means

by which such a change could be effectuated and compliance with its provisions was mandatory in order to effect a change in the number of directors, and required affirmative action by the shareholders to be witnessed by a certificate of increase properly prepared and filed with the Secretary of State to make the change effective. The petitioner having complied with all that a fair interpretation of section 361 required, it may be said that a change in the original articles and the agreement between the corporation and the state was effectuated, and that the number of directors was thereby increased from seven to nine upon the filing of the certificate of increase with the Secretary of State as directed by the statute, and that the same should now control, thereby impliedly changing article ''Fifth'' of the articles of incorporation as originally filed to 'read ''nine'' instead of ''seven'' directors.

We have considered other contentions made by respondent but do not consider them substantial in the determination of the question herein involved.

The petition for a writ of *mandamus* is granted, and the writ heretofore issued is made peremptory.

Thompson, J., Waste, C. J., Curtis, J., Preston, J., Langdon, J., and Shenk, J., concurred.

Rehearing denied.