**McLAUGHLIN, Collector of Internal Revenue, v. PURITY INV. CO.***
**No. 7214.**

Circuit Court of Appeals, Ninth Circuit.
Jan. 21, 1935.

*Rehearing denied March 25, 1935.

H. H. McPike, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., for appellant.

Fred A. Watkins, of San Francisco, Cal., for appellee.

Before GARRECHT, Circuit Judge, and NORCROSS, District Judge.

NORCROSS, District Judge.

This is an appeal from a judgment rendered against appellant for a refund of income taxes paid by appellee for the years 1927 and 1928, in the sum of $5,441.51. The question presented is whether a corporation organized under the laws of the state of Nevada, with principal place of business in the state of California, is entitled to deduct from its income tax returns for said years the net loss sustained within the preceding two years by a predecessor corporation having the same name and substantially the same capital structure, organized in accordance with a statute of the state of California authorizing corporations to be formed with par and non-par stock, which statute was subsequently held to be unconstitutional, and thereafter corporations so organized deemed to be de facto corporations only subject to proceedings for dissolution.

The Commissioner disallowed the deductions on the ground that the losses were sustained by a different taxable entity, and therefore were not deductible. The contention of appellee, sustained by the court below, is that the two corporations, though nominally distinct, were in substance and effect identical. The case was tried on stipulated facts. Such facts as are essential to a determination of the legal questions presented are the following:

On February 26, 1925, Purity Stores, Inc., was formed under section 290b of the Civil Code of the state of California, with preferred stock having par value and common stock having non-par value. A permit to issue the stock in this manner was granted by the commissioner of corporations March 17, 1925. The purpose and business of the corporation was the operation of chain grocery stores in California. On March 29, 1926, the Supreme Court of the state of California, in the case of Del Monte Light & Power Co. v. Jordan, 196 Cal. 488, 238 P. 710, held section 290b of the Civil Code unconstitutional in so far as it purported to permit the formation of corporations having par and non-par stock. The commissioner of corporations thereupon denied Purity Stores, Inc., authority to issue further stock. Purity Stores, Inc., thereafter, receiving money on the stock subscriptions, credited the money received to the stockholders on ledger accounts, and evidenced the payments by what were called interim receipts. The secretary of state, in view of the said decision, concluded that corporations so organized were invalid and should not be recognized as de facto corporations, and were not entitled to a license authorizing them to transact business. Thereafter, and on June 22, 1926, the secretary of state addressed a letter to Purity Stores, Inc., stating that, in view of the decision of May, 1926, in Westlake Park Investment Co. v. Jordan, 198 Cal. 609, 246 P. 807, such corporations were de facto corporations and entitled to enjoy the privileges of a corporation until an action was brought by the Attorney General for dissolution, pursuant to section 358 of the Civil Code. Purity Stores, Inc., was therefore without a de jure existence and liable to attack through quo warranto proceedings.

On December 27, 1926, Purity Stores, Inc., was organized under the laws of the state of Nevada. Its stock structure was substantially identical with that of Purity Stores, Inc., of California. The same stockholders received stock in the Nevada corporation, and at all times during the years in question, that is 1925 to 1928, inclusive, the same stockholders held all the issued and outstanding stock. Immediately after the Nevada corporation was formed, and on December 31, 1926, all the assets of Purity Stores, Inc., of California were transferred thereto. All contracts, leases, printed forms, management, store fronts, signs, books of account, and every other thing connected with the business remained as before. The only change at all was in the fact that the business was incorporated in Nevada instead of in California. The Nevada law permitted corporations to have both par and non-par stock, and such was constitutional. Purity Stores, Inc., of Nevada was incorporated for the sole and only purpose of preserving the

stock structure adopted in California and which could not be maintained in California. No other motive entered into the change, and the incorporation in Nevada was not intended for, and did not result in any other benefit. Except for the minute books showing the organization to be a Nevada corporation, no other circumstance existed to indicate any change whatever.

In the year 1926 Purity Stores, Inc., of California suffered a loss of $33,740.08. This loss was claimed as a deduction by Purity Stores, Inc., of Nevada for the year 1927. This deduction was disallowed by the defendant on the ground that Purity Stores, Inc., of California and Purity Stores, Inc., of Nevada were separate taxable entities and that the Nevada corporation could not deduct for the year 1927 the losses incurred by the California corporation in 1926. In the return for 1928 a net loss of $5,729.12 for the year 1927 was disallowed for the same reason.

Appellee, Purity Investment Company, is a corporation organized April 23, 1927, under the laws of the state of Nevada as a holding company for the shares of stock of Purity Stores, Inc., of Nevada, and said companies are an affiliated group and by agreement made a consolidated return. The same persons at all times have been, and still are, the owners and holders of the issued and outstanding stock of Purity Investment Company in the same proportions as they held said stock in said other corporations.

Section 206, subdivision (b), of the Revenue Act of 1926 (26 USCA § 937 (b), reads as follows: "If, for any taxable year, it appears upon the production of evidence satisfactory to the commissioner that any taxpayer has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding taxable year (hereinafter in this section called 'second year') and if such net loss is in excess of such net income (computed without such deduction), the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year (hereinafter in this section called 'third year'); the deduction in all cases to be made under regulations prescribed by the commissioner with the approval of the Secretary."

Section 117 (b) of the Revenue Act of 1928 (26 USCA § 2117 (b) is the same.

The question here for determination is whether said Purity Stores, Inc., a de facto corporation, so recognized by the laws of California, and said Purity Stores, Inc., a Nevada corporation authorized to do business in the state of California and successor in interest to all property rights and business of said California de facto corporation, are one and the same "taxpayer" within the meaning of the section of the Revenue Act quoted supra.

The contention is made in the brief of appellant that: "The weight of the authority is that a successor corporation cannot deduct the losses of a predecessor corporation even though the businesses and stock ownership are substantially the same." The statement is also made: "The Board of Tax Appeals has held consistently that a successor corporation has not the right to deduct the losses sustained by a predecessor corporation." This statement is followed by a citation of seven cases decided by the Board of Tax Appeals, and followed with the expression: "It is true that these cases are distinguishable from the instant case on the facts."

While the question of the right of a successor corporation to deduct losses accruing during the preceding year or two years while the business was being conducted by a predecessor corporation has been determined in a number of cases by the Board of Tax Appeals, and upon appeals therefrom by the Circuit Court of Appeals of several Circuits, the question had not been passed upon by the Supreme Court of the United States at the time this case was submitted. The case of New Colonial Ice Company v. Commissioner, 24 B. T. A. 886, affirmed (C. C. A.) 66 F.(2d) 480, was appealed to the Supreme Court and judgment affirmed May 28, 1934, 292 U. S. 435, 54 S. Ct. 788, 789, 78 L. Ed. 1348.

The question presented in the instant case is not in any essential particular different from that presented in the New Colonial Ice Company Case, supra. Mr. Justice Van Devanter, in delivering the opinion of the court, stated the question as presented in that case as follows: "The question presented is, Where all the assets and business of an older corporation are taken over by a new corporation, specially organized for the purpose and having substantially the same capital structure, in exchange for a portion of its stock, which is distributed by the older corporation among the latter's stockholders share for share, thereby retiring the old shares, is the new corporation entitled, notwithstanding the change in corporate iden-

tity and ownership, to have its taxable income for the succeeding period computed and determined by deducting from its net income for that period the net losses sustained by the older corporation in the preceding period?"

After so stating the question presented, the opinion continues: "The answer involves a construction of section 204 (b) of the Revenue Act of 1921."

Said section is substantially the same as section 206 of the Revenue Act of 1926, quoted supra.

From the opinion we quote the following excerpts:

"What is being taxed in this instance is the income realized by the new company in conducting the business after the transfer; and the sole matter for decision is whether, under section 204 (b), there shall be deducted from that income the losses suffered by the old company in its conduct of the same business before the transfer. * * *

"The statutes pertaining to the determination of taxable income have proceeded generally on the principle that there shall be a computation of gains and losses on the basis of a distinct accounting for each taxable year; and only in exceptional situations, clearly defined, has there been provision for an allowance for losses suffered in an earlier year. Not only so, but the statutes have disclosed a general purpose to confine allowable losses to the taxpayer sustaining them, i. e., to treat them as personal to him and not transferable to or useable by another. * * *

"When section 204 (b) is read with the general policy of the statutes in mind, as it should be, we think it cannot be regarded as giving any support to the deduction here claimed. * * *

"We come then to an alternative contention that, even though the section be not as broad as claimed, the deduction should be allowed, because 'for all practical purposes the new corporation was the same entity as the old one and therefore the same taxpayer.' This is not in accord with the view on which the stockholders and creditors proceeded when the new company was brought into being. They deserted the old company and turned to the new one because they regarded it as a distinct corporate entity and therefore free from difficulties attending the old one. Having sought and reaped the advantages incident to the change, it well may be that they would encounter some embarrassment in now objecting to an incidental and remote disadvantage such as is here in question. But, be this as it may, we are of opinion that in law and in fact the two corporations were not identical but distinct. This was plainly implied in the transfer of the assets and business from one to the other. That transaction was voluntary and contractual, not by operation of law. Thereafter neither corporation had any control over the other; the old corporation had no interest in the assets or business, and the chance of gain and the risk of loss were wholly with the new one. Thus the contention that the two corporations were practically the same entity and therefore the same taxpayer has no basis, unless, as the petitioner insists, the fact that the stockholders of the two corporations were substantially the same constitutes such a basis.

"As a general rule a corporation and its stockholders are deemed separate entities and this is true in respect of tax problems. Of course, the rule is subject to the qualification that the separate identity may be disregarded in exceptional situations where it otherwise would present an obstacle to the due protection or enforcement of public or private rights. But in this case we find no such exceptional situation—nothing taking it out of the general rule. On the contrary, we think it a typical case for the application of that rule."

There is no fact in the instant case which takes it out of the rule laid down by the Supreme Court in the New Colonial Ice Company Case. The mere fact the predecessor California corporation was but a de facto corporation would not affect the situation. As such de facto corporation, it was entitled to enjoy the privileges of a corporation until action was brought by the Attorney General for dissolution. It had the power to convey, and did convey, its assets to another corporation organized for such purpose. Even though it was deemed desirable to have a stock structure with both par and non-par stock, and this could be accomplished only by a corporation organized in pursuance of the laws of another state, such corporation of necessity would be regarded "as a distinct corporate entity and therefore free from difficulties attending the old one." As said in the New Colonial Ice Company Case, "in law and in fact the two corporations were not identical but distinct. This was plainly implied in the transfer of the assets and business from one to the other. That transaction was voluntary and contractual, not by operation of law."

In the brief of appellee the opinion in the case of Western Maryland Ry. Co. v. Commissioner (C. C. A.) 33 F.(2d) 695, is quoted from at length. The question involved in that case was the construction to be placed upon section 234 (a) 2 of the Revenue Act of 1918, 40 Stat. 1077, which related to deductions allowed to corporations as such and did not involve the question of deductions which were allowable to "any taxpayer." Likewise the opinion of this court in United States v. Kauffman, 62 F.(2d) 1045, was dealing with a different section of the Revenue Act. As said by the Supreme Court in Bramwell v. U. S. Fidelity & Guaranty Co., 269 U. S. 483, 489, 46 S. Ct. 176, 177, 70 L. Ed. 368: "It is a rule of universal application that general expressions used in a court's opinion are to be taken in connection with the case under consideration. Cohens v. Virginia, 6 Wheat. 264, 399, 5 L. Ed. 257."

Judgment reversed.