(No. 20124.— )

THE PEOPLE *ex rel.* The Mountain States Life Insurance Company, Petitioner, *vs.* LEO H. LOWE, Director of the Department of Trade and Commerce, Respondent.

*Opinion filed June 20, 1930.*

E. R. ELLIOTT, for petitioner.

OSCAR E. CARLSTROM, Attorney General, (DAVID J. KADYK, of counsel,) for respondent.

Mr. JUSTICE FARMER delivered the opinion of the court:

This court granted leave to the Mountain States Life Insurance Company to file a petition for *mandamus* against the director of the Department of Trade and Commerce of this State to compel the latter to issue to the petitioner a

certificate or license authorizing the company to transact the business of accident and health insurance in the State of Illinois. The petition avers the Mountain States Life Insurance Company is a corporation organized under the laws of the State of Colorado for the purpose of transacting the business of life insurance and also accident and health insurance; that petitioner is authorized by the laws of Colorado to transact said business and is now engaged therein in Colorado and eight other States; that petitioner applied to the director of the Department of Trade and Commerce of the State of Illinois on January 21, 1930, for a license to transact in this State its business of accident and health insurance but not of life insurance; that accompanying its application it tendered various documents showing its incorporation in the State of Colorado, the deposit of over $200,000 in securities with the insurance commissioner of that State, as required by law, a verified statement of its assets and liabilities on December 31, 1929, a report of its financial condition by the examiners of four other States wherein petitioner was engaged in the insurance business, and a certificate showing its capital and surplus to be in excess of $250,000. The petition also averred that the company had complied with every statutory condition relative to the admission of a foreign corporation to transact the business of accident and health insurance in the State of Illinois, and particularly the act of 1919 relating to the business of life, accident and health insurance, had tendered the necessary fees and had complied with every regulation of the Department of Trade and Commerce. Respondent demurred to the petition, and thereby admitted the tender of performance of the conditions necessary for a license to be issued to a foreign corporation to transact the business of health and accident insurance in this State, and in his argument insists that petitioner cannot be licensed to carry on the business of health and accident insurance in this State without qualifying to do the business of life insurance.

Our statute concerning the business of casualty insurance (Smith's Stat. 1929, p. 1700,) authorizes the creation of corporations in this State for the purpose of issuing policies of insurance against bodily injury, disablement or death resulting from accident and providing benefits for disability caused by disease, and provides that a casualty insurance corporation organized under the laws of any other State may be admitted to transact business in this State by complying with certain requirements.

Section 1 of the act of 1869 to organize and regulate the business of life insurance (Smith's Stat. 1929, p. 1669,) requires that before any life insurance company goes into operation under the laws of this State a guaranty capital of at least $100,000 shall be paid in money and invested in certain stocks or securities which are to be approved by the State insurance superintendent. Section 3 of the act provides that it shall not be lawful for any person to act as agent or otherwise in this State in receiving or procuring applications for life insurance or in transacting such business for any company organized under the laws of any other State unless such foreign company has conformed in such State or in this State to the same requirements in regard to capital as are imposed by section 1 upon companies in this State, or in lieu thereof has actual assets to the amount of at least $100,000 invested, as provided in section 1. Section 3a, which is an amendment made in 1923 to the original act, provides that any foreign life insurance company may be admitted to transact business in this State by complying with certain additional requirements, and provides that no such company shall be permitted to transact any kind of insurance business in this State which a domestic life insurance company is not permitted to transact.

Section 1 of the act of 1919 relating to the business of life, accident and health insurance (Smith's Stat. 1929, p. 1705,) provides that any corporation which possesses a capital stock fully paid in in cash of at least $200,000, and

any mutual or stock and mutual corporation which possesses a capital stock fully paid in in cash, or a surplus, or both together, amounting to not less than $200,000, and which is now or hereafter organized under the laws of Illinois for the purpose of making insurance upon the lives of persons, may also, upon compliance with this act, engage in the business of insuring persons against bodily injury, disability or death resulting from accident and providing benefits for disability caused by disease, or, if such corporation be now or hereafter organized under the laws of this State for the sole purpose of insuring persons against injury, disability or death resulting from accident and providing benefits for disability caused by disease, such corporation, upon compliance with the requirements of the act, may also engage in the business of making insurance upon the lives of persons. Section 4 of the same act requires that before any domestic corporation availing itself of the provisions of the act shall engage in the forms of insurance business permitted therein, such company shall deposit with the Department of Trade and Commerce at least $200,000, such deposit to be in lieu of and for the same purposes as the deposits now required by law of life insurance companies and of accident and health insurance companies as a condition precedent to the commencement of such classes of business. Section 6 of the act is as follows: "Any life or casualty insurance corporation, except as hereinafter stated, organized under the laws of any other State or country, may be authorized to transact in this State the business of accident and health insurance, or either of them, and in addition thereto, the business of life insurance, if so authorized by its charter; provided that it possesses and maintains the minimum amount of capital stock, or surplus, or both together, as required of like companies of this State by this act: And, provided, further, that it shall deposit with the Department of Trade and Commerce securities of the amount and character required hereby of like companies

of this State, or, in lieu thereof, shall furnish a certificate of deposit from a State officer of one of the States of the United States, showing to the satisfaction of the Department of Trade and Commerce that the corporation has on deposit with such State officer the amount of deposit required hereby of like companies of this State, and that the same is held for the benefit and security of the policy holders of such corporation in the United States, which certificate shall be renewed annually." Section 8 provides that any corporation availing itself of the provisions of the act with respect to its business of life insurance shall be subject to all requirements of existing or thereafter enacted laws pertaining thereto, and with respect to its business of health and accident insurance shall be subject to all present or future legal requirements pertaining thereto and not inconsistent therewith.

The petitioner did not seek a license to transact the business of life insurance but only health and accident insurance. Companies authorized to do that kind of insurance may be organized under the laws of Illinois, and this court said in *People* v. *Fidelity and Casualty Co.* 153 Ill. 25: "The rule is, that where there is no positive prohibitive statute, the presumption, under the law of comity that prevails between the States of the Union, is, that the State permits a corporation organized in a sister State to do any act authorized by its charter or the law under which it is created, except when it is manifest that such act is obnoxious to the policy of the law of this State." Respondent says the refusal to license petitioner was based upon the fact that it had not qualified and could not qualify as a foreign life insurance company in Illinois. Petitioner was not seeking a license to do a life insurance business in this State but tendered performance of all the requirements for licensing it to transact the business of health and accident insurance.

Respondent also contends that the statutes of Illinois, properly construed, do not authorize a foreign insurance

corporation having a capital stock of no par value shares to do business of insurance in Illinois. By amendment of petitioner's articles of incorporation in November, 1928, it was provided that a million shares of stock without any par value might be issued by the corporation from time to time by the board of directors, and the certificate of petitioner's incorporation, and the amendments thereto, as presented with its application for a license to do business in this State, show that 420,000 shares have been issued and that over 570,000 shares have not been issued or paid for. Respondent cites the statute (Smith's Stat. 1929, sec. 2, par. (d,) p. 1637,) that domestic corporations are required to have a par value of not less than $25 nor more than $100. The statute cited deals only with sales of stock by insurance companies in the process of organization and has no bearing upon the question of insurance companies not seeking to sell stock. The Supreme Court of California held in *Commonwealth Acceptance Corp.* v. *Jordan,* 198 Cal. 619, 246 Pac. 796, which involved the right to a license in California of a Delaware corporation having no par value shares, that the capital stock question or structure was one which concerned merely the internal organism of the corporation and had nothing whatever to do with the transaction of the business of the corporation as between itself and the outside world, and further held that to license such a corporation in California was not permitting a foreign corporation to transact business in that State on more favorable terms than a domestic corporation merely because the foreign corporation had no par value stock while a California corporation with no par value stock could not be authorized.

Petitioner was as much a health and accident insurance company under its charter as it was a life insurance company, and because it was authorized by a charter to transact a life insurance business in Colorado did not make it incumbent upon that corporation, if it sought to do business in Illinois, to secure a license to conduct all kinds of insur-

ance that its charter authorized. We are of opinion that having complied with the law authorizing it to be licensed to transact health and accident insurance in Illinois it was entitled to such license.

The writ of *mandamus* is awarded.

*Writ awarded.*